Rev. 7/06
CO Hab Corp
AO 241 amd.

**FILED**

JAN 2 2 2007
Page 1

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Lazaro F. Perez, Sr.

NAME (Under which you were convicted)

38485-179

PRISON NUMBER

F.C.I. Oakdale

PLACE OF CONFINEMENT/ADDRESS

P.O. Box 5000

Oakdale, LA 71463

**SEE ATTACHMENTS**

Lazaro F. Perez, Sr.

(Full Name)                    Petitioner

v.

Alberto Gonzales, Esq. , and
Harley G. Lappin, Dir.                    )
_____)
(Name of Warden, Superintendent, Jailor, or    )
authorized person having custody of petitioner)    )
                              Respondent    )

CASE NUMBER  1:07CV00159

JUDGE: Rosemary M. Collyer

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 01/22/2007

## PETITION FOR WRIT OF HABEAS CORPUS
## BY A PERSON IN CUSTODY IN THE DISTRICT OF COLUMBIA

### INSTRUCTIONS - PLEASE READ CAREFULLY

1.   This petition must be legibly handwritten or typed, and signed by the petitioner.  <u>Any false statement of material fact may serve as the basis for prosecution and conviction for perjury.</u>  All questions must be answered concisely in the proper space on the form.

3.   Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief.  No citation of authorities need be furnished.  If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

4.   Upon receipt, your petition will be filed if it is in proper order and is accompanied by a $5.00 filing fee.  Your check or money order should be made payable to: Clerk, U.S. District Court.

5.  If you cannot afford to pay the filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the affidavit on the last page, setting forth information establishing your inability to pay the costs. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

6.  Only sentences imposed by one court may be challenged in a single petition. If you seek to challenge sentences entered by different courts, you must file separate petitions as to each court.

7.  When you have completed the form, send the original and one copy to:
    Clerk, United States District Court for the District of Columbia
    Room 1225
    333 Constitution Avenue, NW
    Washington, DC 20001

9.  <u>Petitions which do not conform to these instructions may be returned with a notation as to the deficiency.</u>

## PETITION

1.  (a)   Name and location of court which imposed the sentence (or detention) of conviction you are challenging:

    U.S. District Court Southern District of Texas (McAllen)

2.  (a)   Date of the sentence (or detention):   **January 17, 2006**

3.  Length of sentence:   **135 months**

4.  Nature of offense involved (all counts):   **Title 21 U.S.C. §846**

5.  (a)   What was your plea? (Check one):
    - ☐   Not guilty
    - ☒   Guilty
    - ☐   Nolo Contendere (no contest)
    - ☐   Insanity

(b)  If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details:  **N/A**

_____

_____

_____

_____

_____

_____

6.  Have you previously filed any petitions, applications, or motions with respect to this sentence in any court?

☐    Yes

☒    No

7.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of Court:  **N/A**

(2)  Nature of the proceedings:  **N/A**

_____

_____

_____

(3)  Grounds raised:  **N/A**

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

☐    Yes  **N/A**

☐    No

(5)  Result:  **N/A**

(6)  Date of result:  **N/A**

(b)  As to any second petition, application, or motion, give the same information:

(1)  Name of Court:  **N/A**

(2)  Nature of the proceedings:  **N/A**

_____

_____

_____

(3)  Grounds raised:  **N/A**

_____

_____

_____

_____

(4)  Did you receive an evidentiary hearing on your petition, application or motion?

☐    Yes  **N/A**

☐    No

(5)  Result:  **N/A**

Page 5

A.    GROUND ONE: Ineffective Assistance of counsel

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:    Counsel failed ab initio to raise or challenge any of the issues presented herein.

_____
_____
_____
_____
_____
_____
_____
_____
_____

B.    GROUND TWO: Lack of Federal Legislative Jurisdiction over the locus

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your in quo claim:    See, Attached Memorandum of Law with Incorporated Points and Authorities.

_____
_____
_____
_____
_____
_____
_____
_____

C.    GROUND THREE: Lack of Federal Subject Matter Jurisdiction over the Alleged prohibitive conduct - want of commerce Nexus

    (a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:    See Attached Memorandum of Law with Incorporated Points and Authorities

_____
_____
_____
_____
_____
_____
_____
_____

Page 6

D.    GROUND FOUR: **Mis-Application of Federal Law, where such is unenacted, unpromulgated and unimplemented.**

(a)    Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim:    **See, Attached Memorandum of Law with Incorporated Points and Authorities.**

_____

_____

_____

_____

_____

_____

_____

_____

_____

9.    If any of the grounds listed in 12A, B, C, or D were not previously presented in any other court, District of Columbia or Federal, state briefly what grounds were not so presented, and give your reasons for not presenting them:    **See grounds listed**

_____

_____

_____

_____

_____

_____

_____

_____

10.    Do you have any petition or appeal pending in any other court, either, District of Columbia or Federal, as to the sentence (or detention) under attack?

☐    Yes

☒    No

(a)    If so, give the name and location of the court and case number, if known:    **N/A**

_____

_____

_____

11.    Do you have any future sentence to serve after you complete the sentence (or detention) under attack?

☐    Yes

☒    No

(a)    If so, give name and location of court which imposed sentence to be served in the future:    **N/A**

_____

_____

(b)     And give date and length of sentence to be served in future:     __N/A__

_____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

        ☐     Yes
        ☒     No

 

 

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_LASARO F Peres_
Petitioner's Signature

_12/7/206_
Date

Lazaro F. Perez, Sr./38485-179
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463


## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF COLUMBIA

| | |
|---|---|
| LAZARO F. PEREZ, SR. )<br><br>    Petitioner, )<br><br>vs. )<br><br>ALBERTO GONZALES, ESQ., )<br>ATTORNEY GENERAL FOR THE )<br>"UNITED STATES," )<br><br>and )<br><br>HARLEY G. LIPPIN, DIR., )<br>FEDERAL BUREAU OF PRISONS )<br><br>    Respondents. )<br>_____ ) | CASE No. <u>M-04-774</u><br><br>RE: CASE No. _____<br><br><br>PETITION FOR<br>COMMON LAW<br>WRIT OF HABEAS CORPUS<br>BY A PERSON IN<br>FEDERAL CUSTODY<br><u>Title 28 U.S.C. §2241</u> |


### CONVICTION UNDER ATTACK

1. Name and location of the court which entered the judgment under attack:
   <u>U.S. DISTRICT COURT SOUTHERN DISTRICT OF TEXAS (McALLEN)</u>

2. Date of judgment of conviction was entered: <u>January 17, 2006</u>

3. Case number: <u>M-04-774</u>

4. Type and length of imposed sentence: <u>135 months</u>

5. Are you presently serving a sentence imposed for a conviction other than the conviction under attack? ___ Yes  <u>X</u>  No

6. Nature of the offense involved (all counts):
   <u>Title 21 U.S.C. §846</u>

07 0159
FILED

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

///// - 1 PETITION FOR COMMON LAW WRIT OF HABEAS CORPUS

7.  What was your plea?
    (Check one)  ___ Not Guilty  __X__ Guilty  ___ Nolo Contendre

8.  If you entered a plea of guilty to one count or indictment,
    and a not guilty plea to another count of indictment give
    details:  **N/A**

9.  If you entered a plea of guilty pursuant to a plea bargain,
    state the terms and conditions of the agreement:  **N/A**

10. Kind of trial (Check one)  ___ Jury  ___ Judge Only  **N/A**

11. Did you testify at trial?  ___ Yes  __X__ No

### DIRECT APPEAL

12. Did you appeal from the judgment of conviction?  ___ Yes  __X__ No

13. If you did appeal, give the name and location of the court's
    decision (or attach a copy of the court's opinion or order):
    **N/A**

14. If you did not appeal, explain briefly why you did not appeal:
    **Attorney failed to file**

    (a)  Did you seek permission to file a late appeal?
         ___ Yes  __X__ No

### POST - CONVICTION PROCEEDINGS

15. Other than a direct appeal from the judgment of conviction
    and sentence, have you previously filed any petitions,
    applications, or motions with respect to this judgment in any
    federal court?  __X__ Yes  ___ No

16. If your answer to 15 was "Yes," give the following information:
    **Title 28 U.S.C. §2255**

## CLAIMS

17. State concisely every claim that you are being held unlawfully for. Summarize briefly the facts supporting each claim. If necessary, you may attach extra pages stating additional claims and supporting facts. You should raise in the application all claims for relief which relate to the conviction under attack. In order to proceed in federal court, you ordinarily must exhaust the administrative remedies available to you as to each claim on which you request action by the federal court.

**CLAIM ONE:**

**Ineffective Assistance of Counsel**

1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim):

**Counsel failed ab initio to raise or challenge any of the issues presented herein.**

2) Did you seek administrative relief as to claim one? ___ Yes **X** No

If your answer is "Yes," describe the procedure followed and the result. If your answer is "No", explain why you did not seek administrative relief:

**We have administrative grievance to redress the challenges raised herein. Bureau of Prisons (BOP) is Compelled to abide by judgment order of the court.**

**CLAIM TWO:**

**Lack of Federal Legislative Jurisdiction over the Locus in quo.**

1) Supporting Facts: (Without citing legal authorities or arguments state briefly the facts in support of this claim):

**See, Attached Memorandum of Law with Incorporated Points and Authorities.**

2) Did you seek administrative relief as to claim two?
___ Yes  __X__ No

If your answer is "Yes," describe the procedure followed and the result.  If your answer is "No," explain why you did not seek administrative relief:

**We have administrative grievance to redress the challenge raised herein.  Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.**

CLAIM THREE:

**Lack of Federal Subject Matter jurisdiction over the alleged prohibitive conduct - want of Coomerce Nexus.**

1) Supporting Facts: (Without citing legal authorities or argument state briefly the facts in support of this claim):

**See, Attached Memorandum of Law with Inorporated Points and Authorities.**

2) Did you seek administrative relief as to claim three?
___ Yer  __X__ No

If your answer is "Yes," describe the procedure followed and the result.  If your answer is "No," explain why you did not seek administrative relief.

**We have administrative grievance to redress the challenges raised herein.  Bureau of Prisons (BOP) is compelled to abide by judgment order of the court.**

CLAIM FOUR:

**Mis-application of Federal Law, where such is unenacted unpromulgated and unimplemented.**

1) Supporting Facts: (Without citing legal authorities or argument state the facts in support of this claim)

**See, Attached Memorandum of Law with Incorporated Points and Authorities.**

2) Did you seek adminstrative relief as to claim four?
___ Yes  __X__ No

If your answer is "Yes," describe the procedure
followed and the result.  If your answer is "No,"
explain why you did not seek administrative relief.

**We have administrative grievance to redress the
challenges raised herein.  Bureau of Prisons (BOP)
is compelled to abide by judgment order of the court.**

18. Do you have any petition, application, motion or appeal now
pending in any court either state or federal, regarding the
conviction under attack?  ___ Yes  **X** No

    If "Yes," state the name of the court, case file
number (if known), and the nature of the proceedings.
**N/A**

19. State briefly why you believe that the remedy provided by
28 U.S.C. §2255 (Motion to Vacate Sentence) is inadequate
or ineffective to test the legality of your detention.

    **Because the Legislative Territorial Court wherein the
issues now complained of arose, lacks the Constitutional
authority to entertain and to adjudicate the issues
herein, thus a §2255 Motion is inadequate and in-
appropriate.**

**WHEREFORE,** applicant, Lazaro F. Perez, Sr., prays that the
court GRANT him such relief to which he may be entitled in
this proceeding.

Date: _11/16_ ,2006

                    Respectfully Submitted by:

                    _Lazaro Perez F_

                    Lazaro F. Perez, Sr.

Lazaro F. Perez, Sr./38485-179
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463

## UNITED STATES DISTRICT COURT
### FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| LAZARO F. PEREZ, SR. ) | CASE No. M-04-774 |
| ) | |
| Petitioner, ) | RE: CASE No. _____ |
| ) | |
| vs. ) | **TITLE 28 U.S.C. §2241** |
| ) | |
| ALBERTO GONZALES, ESQ., ) | **APPLICATION FOR** |
| ATTORNEY GENERAL FOR THE ) | **WRIT OF HABEAS CORPUS** |
| "UNITED STATES," ) | |
| ) | **BROUGHT IN THE NATURE OF** |
| and ) | **COMMON LAW WRIT OF** |
| ) | **HABEAS CORPUS** |
| HARLEY G. LIPPIN, DIR., ) | |
| FEDERAL BUREAU OF PRISONS, ) | |
| ) | |
| Respondents. ) | |

**COMES NOW,** Lazaro F. Perez, Sr., in want of counsel, Petitioner,
in the above styled action, (hereinafter "Petitioner"), and as for
a VERIFIED PETITIONER FOR WRIT OF HABEAS CORPUS, shows to the
court as follows:

1.

That the relief sought herein is provided under the Law of
Habeas Corpus, in the Common Law, the Constitution and Statutes
of the United States of America, and the Federal Civil Court Rules
and Procedures. (See attached Memorandum of Law with Incorporated
Points and Authorities).

*07 0159*

**FILED**

JAN 2 2 2007

///// - 1 Application of Common Law Writ of Habeas Corpus

2.

That beginning on January 17, 2006, Petitioner herein, has been and is presently imprisoned and restrained of his liberty in violation of the rights thereof as set forth and guaranteed in the Constitution of the United States and Federal Laws made in conformance therewith.

3.

That, Lazaro F. Perez, Sr., Petitioner herein, is incarcerated in the Federal Correctional Institution, **Oakdale, Louisiana,** in violation of the Constitutional of right of the Petitioner herein, as set forth, without restriction, in Article V, VI, VIII, and XIV in Amendment of the Constitution of the United States, as Amended AD 1791.

4.

That the said incarceration of Lazaro F. Perez, Sr., Petitioner herein, was ordered by **United States District Judge Harmon Malinda of the Southern District of Texas McAllen Division** in **Case No. M-04-744,** a copy of the order of Charging Instrument/Indictment and Order of Judgment in such case is attached herewith as **Exhibit (a),** to establish that the respondents named above, in the caption area, are the proper custodians over the Petitioner, and thereby the appropriate parties to the instant cause.

5.

That this Court has personal jurisdiction over the respondent named in the caption area above in the nature of 28 U.S.C. §88; 49 Stat. 1921, June 25, 1936, and the 80th Congress, House Report No. 308, it is shown that the district court of the United States

for the District of Columbia, is a Constitutional Court, rather than a Legislative-Territorial Court, and therefore is duly empowered under the Constitution of the United States of America, as amended anno Domini 1791, and by way of an Act of Congress, to entertain the instant cause at bar, whereby the Petitioner invokes this Court's Original Jurisdiction.

6.

That defense counsel rendered in effective assistance where counsel failed ab initio to raise or challenge any of the issues raised herein.

7.

That the government moved in want of **Legislative Territorial** or **Admiralty Jurisdcition** over the locus in quo.

8.

That the governmet moved in want of **Federal Subject Matter Jurisdiction** by failing to charge or prove that the alleged prohibitive act transcended the borders of the sovereign state in violation of the **Federal Interstate Commerce Clause.**

9.

That there is no amendment to the federal Constitution ratified by three-fourths of the sovereign state to provide for nation wide jurisdiction and application of the **Federal Statutory Provisions** under which the Petitioner is charged.

10.

That the **Federal Statutory Provisions** under which the Petitioner is charged are unenacted by Congress, have not been promulgated in

///// - 3 Application for Common Law Writ of Habeas Corpus

the **Federal Register** or possessed implementing authorities in the **Code of Federal Regulations,** and thus do not apply over private citizens.

11.

That to construe or to convert the instant non-statutory **Common Law Writ of Habeas Corpus** into a statutory pleading will be taken as a denial of the pleading as submitted; thus the sustainment of the unlawful incarceration of Lazaro F. Perez, Sr., causing injury and in the nature of 42 U.S.C. §§1331, 1983, 1985 and 1986.

12.

That the court is presumed to possess superior Knowledge of **Law,** thus the court would be deemed to know from the facts and the law presented and the proceeding before the **Court of Record** that Lazaro F. Perez, Sr., is in violation of his Constitutional Rights where the court is compelled to provide a remedy-in-law for relief from such unlawful custody.

**WHEREFORE,** in the nature of §2241 & 2243, of Title 28 of the United States Code (June 25, 1948, c. 646, Stat. 965), Lazaro F. Perez, Sr., requests the court to prepare and issue an Order, directing the respondent to Show Cause, within 3 days, from the date of service, why the instant **Common Law Writ,** should not be GRANTED, where all issues presented, are only questions of Law. The respondent will not be under burden to produce records, evidence, witnesses, or prepare for a hearing, and no additional time would be required.

In the nature of the principal pronounced in 1 Stat. 122, May 26, 1970, Sec. 2, March 27, 1804, 2 Stat. 298, Sec. 2, Lazaro F. Perez, Sr., executes the foregoing.

Date: _11 / 16_ , 2006

Respectfully Submitted by:

_Lazaro F Perez_

Lazaro F. Perez, Sr./pro-se

///// - 5 Application for Common Law Writ of Habeas Corpus

Lazaro F. Perez, Sr./38485-179
F.C.I. Oakdale
P.O. Box 5000
Oakdale, LA 71463


UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA


| | | |
|---|---|---|
| LAZARO F. PEREZ, SR. | ) | CASE No. <u>M-04-774</u> |
|        Petitioner, | ) | RE: CASE No. _____ |
| | ) | |
| vs. | ) | **CAUSE** |
| | ) | **MEMORANDUM OF LAW** |
| ALBERTO GONZALES, ESQ., | ) | **WITH INCORPORATED** |
| ATTORNEY GENERAL FOR THE | ) | **POINTS AND AUTHORITIES** |
| "UNITED STATES," | ) | |
| | ) | **IN SUPPORT OF COMMON** |
| and | ) | **LAW WRIT OF HABEAS CORPUS** |
| | ) | |
| HARLEY G. LIPPIN, DIR., | ) | **TITLE 28 U.S.C. §2241** |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
|        Respondents. | ) | |

BEFORE THIS HONORABLE COURT:

**COMES NOW,** Lazaro F. Perez, Sr., in want of counsel, accused

in the above referenced cause, and as for the instant petition

for the Common Law Writ of Habeas Corpus, shows this Honorable

Court as follows:

1.

      That relief sought herein, is provided for under the Common

Law, the Constitution of the United States of America, as amended

AD 1791, Article I §9 Cl 2, and in the nature of 28 U.S.C. §2241.

**FILED**

JAN 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

///// - 1 Memo. of Law with Incorporated Points and Auth.

07 0159

2.

That this Honorable Court has personal jurisdiction over the respondents named in the caption area, supra, in the nature of D.C. Code §13-422, and 28 U.S.C. §1331, 1332, and 28 U.S.C. §2241. where both respondents have their principle place of business within the District of Columbia.

3.

That in tha nature of **Adams v. United States**, DK. No. 97-2263 ( 2nd Cir. 1998), the Court is compelled to entertain the instant pleading as submitted and to not attempt to construe or concert the pleading into any other statutory provision. See, **United States v. Morgan**, 346 U.S. 502, 505 (1954).

4.

That the Petitioner sets forth the following with incorporated points and authorities:

(a) The jurisdiction of Federal courts is defined in the Constitution at Article III for judicial courts, in Article I for legislative courts, and in Article IV for territorial courts. Some courts created by Acts of Congress have been referred to as "Constitutional Courts", whereas others are regarded as "Legislative Tribunals" **28 U.S.C. §88 District of Columbia-Courts** Act of June 7, 1934, 48 Stat. 926, and Act June 25, 1936, 49 Stat. 1921, provide that the Court of Appeals of the District of Columbia, the Supreme Court, and District Court of the United States for the District of Columbia, are shown to be Constitutional courts created under Article III of the Constitution. See, **O'Donoghue v. United States**, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct. 74, **Mookini**

///// - 2 Memorandum of Law with Incorporated Points and Authorities- N

v. United States, 303 U.S. 201 at 205 (1938), 82 L.Ed 748, 58 S.Ct. 543. The Federal Trade Commision v. Klesner, 274 U.S. 145 (1927) and Claiborne-Annapolis Ferry Co. v. United States, 285 U.S. 382 (1932).

(b) That, defense counsel failed ab initio to raise or challenge any of the issues presented herein.

(c) That the Petitioner is in custody for an act not done or committed in pursuance of an act of Congress or an order, process, judgment, or decree of a court or judge of the United States. And he is in custody in violation of the Constitution and the laws or treaties of the United States (28 U.S.C. §2241(c)(2)(3)).

(d) That the federal statutory provisions under which the Petitioner is charged, have not been promulgated in either the Federal Register or the Code of Federal Regulations, thus the legitimate application of such statutory provisions are restricted to application over federal government only.

(e) That the government has failed ab initio to establish federal subject matter jurisdiction, where it has failed to charge the sine qua non, an alleged violation of the Federal Interstate Commerce statute, as a prerequisite to the subsequent charged offense.

5.

That, the Petitioner now shows this Honorable Court that the Federal government lacked legislative, territorial, or admiralty jurisdiction over the locus in quo, and also lacked the Constitutional or Congressional authority to reach prohibitive acts alleged

to be criminal in nature, which were committed well within the
borders of the sovereign state.

## INEFFECTIVE ASSISTANCE OF COUNSEL

That, defense counsel failed ab initio to raise or challenge
the governments lack of Federal Legislative, Territorial or Ad-
miralty Jurisdiction over the locus in quo.  The Petitioner argues
that there is no presumption in favor of jurisdiction, where the
basis for jurisdiction must be affirmatively shown on the face of
the record.  See **Hartford v. Davies**, 16 S.Ct. 1051 (1896).  The
exclusive legislative jurisdiction of the federal government is
not addressed in principle to subject matter, but to geographical
location.  See, **United States v. Beavens**, 16 U.S. (3 Wheat) 336
(1818).  It is axiomatic that the prosecution must always prove
(legislative, territorial or admiralty) jurisdiction over the geo-
graphical location whereon the alleged prohibitive acts were pur-
ported to have been committed, otherwise a conviction could not
be sustained.  See, **United States v. Benson**, 495 F.2d 481 (1946).
Federal criminal jurisdiction is never presumed, and must always
be proven, and can never be waived.  See, **United States v. Rogers**,
23 F. 658 (DC Ark. 1885).  In a criminal prosecution where the
federal government is a moving party it must not only establish
ownership of the property upon which the crimes allegedly occurred
but they must also produce documentation that the state has ceded
the jurisdiction to that property to them (view of the Supreme Court)
in **Fort Leavenworth Railroad v. Iowa**, 114 U.S. 525 (1885).  No jur-
isdiction exists in the United States to enforce federal criminal
laws until consent to accept jurisdiction over acquired lands have
been published and filed on  behalf of the United States as provided

and filed in 40 U.S.C. §255, and the fact that the state authorized
the federal government to take and exercise jurisdiction was immat-
erial. See, **Adams v. United States**, 319 U.S. 312, 63 S.Ct. 1122,
87 L.Ed. 1421 (1943).

7.

The distinction that jurisdiction is more than a technical con-
cept and is a Constitutional requirement. See, **United States v.
Johnson**, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.ED.
681 Cert den. 87 S.Ct. 44, 134 and at 385 U.S. 846, 17 L.Ed.2d
117. In the United States, there are two separate and distinct kinds
of jurisdiction:  The jurisdiction of the states within their own
territorial boundaries, and then Federal jurisdiction.  Broadly
speaking, the state jurisdiction encompasses the legislative power
to regulate control and govern real and personal property, individ-
uals, and enterprises within the territorial boundaries of any given
state.  In contrast, Federal  jurisdiction is extremely limited:
In July of 1776, after declaring their independence, the new States
possessed all their sovereignty, power, and jurisdiction over all
soil and people in their respective territorial limits.  This con-
dition of supreme sovereignty of each state over all property and
persons within the borders thereof continued notwithstanding the
adoption of the Articles of Confederation.  In Article II, it is
expressly stated:

> " Each state retains its sovereignty freedom and independ-
> ence, and every power, of jurisdiction and right which is
> not by this Confederation, expressly delegated to the United
> States, In Congress assemble."

8.

As the history of the Confederation Government has shown each State was indeed sovereign and independent to the degree that it made the Central Government created by the confederation fairly ineffectual. These defects of the Confederation government strained the relation between and among the states and the remedy became calling a Constitutional Convention. The representatives which assembled at Philadelphia in May of 1787 to attend the Constitutional Convention met for the primary purpose of improving the commercial relations among the states, although the product of the convention produced more than this. But no intention was demonstrated for the states to surrender in any degree, the jurisdiction so possessed by the states at the time, and indeed the Constitution as finally drafted continued the same territorial jurisdiction of the states as existed in the Articles of Confederation. The essence of this retention of each state's jurisdiction is embodied in the Constitution at Article I Section 8 Clause 17 of the Constitution of the United States of America, which reads as follows:

> " To exercise exclusive legislation in all cases whatsoever over such districts (not exceeding Ten Miles Square) as may be cession of particular states, and acceptance of Congress becomes the seat of the government of the United States, and to exercise like authority over all places purchased by the consent of the Legislature of the states in which the same shall be for the erection of forts, Magazines, arsenals, dock-yards and other needful buildings."

9.

The reason for the inclusion of this clause in the Constitution was and is obvious. Under the Article of Confederation, the states retain

full and complete jurisdiction over lands and persons within their borders. Since the time of the ratification and implementation of the present Constitution of the United States, the United States Supreme Court and all lower courts have had many opportunities to construe and apply these provisions of the Constitution. The essence of all these decisions is that the states of this Nation have exclusive jurisdiction of property and persons located within their borders, excluding such land and persons residing thereon which have been ceded to the United States. Perhaps one of the earliest decisions on this point was in the **United States v. Beavens**, 16 U.S. Wheat 336 (1818). This case involved a federal prosecution for murder committed onboard the warship, Independence anchored in the harbor of Boston, Massachusetts. The defense argued that only the state had jurisdiction to prosecute and argued that the federal circuit courts had no jurisdiction of this crime supposedly committed within the Federal Admiralty jurisdiction. In the argument before the Supreme Court, counsel for the United States admitted as follows:

" The exclusive jurisdiction which the United States have in forts, dock-yards ceded to them is derived from express assent of the states by whom the cessions are made. It could be derived in no other manner; because without it, the authority of the states would be supreme and exclusive therein." **3 Wheat at 350, 351**

10.

In holding that the state of Massachusetts had no jurisdiction over the crime the court held:

" What then is the extent of jurisdiction which a states possesses?"

" We answer, without hesitation the jurisdiction of a state is co-extensive with it's territory, co-extensive with it's legislative power." **3 Wheat at 386, 387**

" It is observable that the power of exclusive legislation (which
is jurisdiction) is united with cession of territory, which is to
be the free act of the states.  It is difficult to compare the two
sections together, without feeling a conviction not to be strenght-
ened by any commentary on them, that in describing the judicial power,
the framers of our constitution had not in view any cession of terri-
tory or, which is essentially the same of general jurisdiction." 3

**Wheat at 388**

11.

Thus in **Beavens**, the court established a principle that Federal
jurisdiction extends only over the areas wherein it possesses the
power of exclusive legislation, and this is a principle incorpor-
ated into all subsequent decisions regarding the extent of Federal
Jurisdiction.  To hold otherwise would destroy the purpose, intent
and meanings of the entire Constitution of the United States.  One
year later the Supreme Court of New York was presented with the
same issue, of whether the state of New York had jurisdiction over
a murder committed at Fort Niagara, a Federal fort.  In **People v.
Godfrey**, 17 Johns 225 N.Y. (1819), that court held that the fort
was subject to the jursdiction of the state since the lands therefore
had not been ceded to the United States, the rationale of it's opin-
ion stated:

" To oust this state of its jurisdiction to support and maintain its
laws and to punish crimes, it must be shown that an offense committed
within the acknowledged limits of the state, is clearly and exclusively
cognizable by the laws and courts of the United States.  In the case
already cited Chief Justice Marshall observed that to bring the offense
within the jurisdiction of the courts of the union, it must have been
committed out of the jurisdiction of any state."  It is not (he says)
the offense committed but the place in which it is committed, which
must be out of the jurisdiction of the state. **17 Johns, at 233**
(emphasis added)

12.

The case relied upon by this court was the **United States v. Beavens, supra**. At about the same time that the New York Supreme Court rendered it's opinion in **Godfrey**, a similar situation was before a Federal Court, the only difference being that murder was committed in and occurred on lands which had been ceded to the United States. In the **United States v. Cornell**, 2 Manson 60, 1cir. (1819), the Court held that the case fell within Federal jurisdiction, describing such jurisdiction as follows:

> " But although the United States may well purchase and hold lands for public purposes  within the territorial limits of a state, this does not of itself oust the jurisdiction or sovereignty of such state over lands purchases.  It remains until the state has relinquished its authority over the lands either expressly or by necessary implication. When therefore a purchase of land for any of these purposes is made by the National Government and the state legislature has given its consent to the purchase, the lands so purchased by the very terms of the Constitution ipso facto falls within the exclusive legislation of Congress and the state jurisdiction is completely ousted." **2 Manson at 63**

13.

Almost 18 years later U.S. Supreme Court again was presented a case involving the distinction between state and federal jurisdiction. In **New Orleans v. United States**, 35 U.S. (10 pet) 662 (1836).  The United States claimed title to property in New Orleans likewise claimed by the city.  After holding that, title to the subject lands was owned by the city, the court addressed the question of federal jurisdiction and states:

> " Special provisions is made in the Constitution for the cession of Jurisdcition from the state over places where the Federal Government shall establish forts, or other military works. And it is only in these places or in the territories of the United States where it can exercise a general jurisdiction." **10 Pet. at 737**

14.

In **New York v. Miln,**, 36 U.S. (11Pet.) 102 (1837), the question before the court involved the attempt by the city of New York to assess penalties agaisnt the master of a ship for failure to make a report as to the persons his ship brought to New York.  As against the master's contention that the act was unconstitutional and that New York had no jurisdiction in the matter, the court held:

> " If we look at the places of  its operation, we find it to be within the territory, and therefore, within the jurisdiction of New York.  If we look at the person on whom it operates he is found within the same territorial jurisdiction." **36 U.S. at 135**

> " **They are these:  That a state has the same** undeniable and unlimited jursidiction over all persons and things within its territorial limits, as any foreign nation, where that jurisdiction is not surrendered or restrained by the Constitution of the United States.  That by virtue of this it is not only the right, but the burden and solemn duty of a state, to advance the safety, happiness and prosperity of its people and to provide for its general welfare by any and every act of legislation which it may deem to be conductive to these ends; where the power over the particular subject, or the manner just stated. That all those powers which relate to merely municipol  legislation, or what may perhaps more properly be called internal police are not thus surrendered or restrained and that consequently in relation to these the authority of a state is completely unqualified and exclusive." **36 U.S. at 139**

15.

Some eight years later, in **Pollar v. Hagan, 44 U.S. (3 How.)** 212 (1845), the question of Federal Jurisdcition was once again be-

//// - 10 Memorandum of Law with Incorporated Points and Authorities- N

fore the court.    This case involved a contest of the title of real
property, with one of the parties claiming a right to the disputed
property via U.S. patent; the lands in question were situated in Moble,
Alabama adjacent to Moble Bay, the court held:

> " We think a proper examination of this subject will show that the
> United States never held and Municipal sovereignty, jurisdiction or
> right of soil in and to territroy of which Alabama or any of the new
> states were formed." **44 U.S. at 221**

> " Because the United States have no Constitutional capacity to exercise
> Municipal Jurisdiction, Sovereignty or eminent domain within the limits
> of a state or elswhere, except in case which it is expressly granted."
> **44 U.S. at 228, 229**

> " Alabama is therefore entitled to the sovereignty and Jurisdiction over
> all the territory within her limits, subject to the common law." **44 U.S.
> at 228, 229**

### 16.

The single most important case regarding the subject of federal
jurisdiction appears to be **Fort Leavenworth R. Co. v. Iowa**, 114 U.S.
525 (1885) 995, which set forth the law on this point of federal
jurisdiction, fully.    There the railroad company's property, which
passess through, Fort Leavenworth federal enclave was being subject
to taxation by Kansaa, and the company claimed an exemption from
state taxation.    In holding that the company is properly taxed, the
court carefully explained federal jurisdiction within the states:

> " The consent of the state to the purchase of lands within them for
> the special purpose named is however, essential, under the Constitution
> to the tansfer of the jurisdiction and dominion.    Where lands are acq-
> uired without such consent, the possession of the United States, political
> jurisdiction be ceded to them in some other way is simply that of an
> ordinary proprietor.    The property in that case, unless used as a means

to carry out the purposes of the government, is subject to the leg-
islative authority and control of the states equally with the property
of private individuals." **114 U.S. at 531**

### 17.

The Constitution for the United States created a government,
which has jurisdiction over certain enumerated subject matter. It
is only in these areas that Congress can enact laws, and when they
do, the Federal Courts are to enforce the law. **But** when laws do not
come from a enumerated power, the Federal Courts are to prevent the
U.S. Government or Congress from applying them.

### 18.

The Federal Constitution prescribes what the "jurisdiction" of
the Federal Government is by the enumerated powers. That government
can regulate foreign and interstate commerce, fix the standards of
weights and measurements, establish uniform laws on bankruptcies,
coin money and provide for the punishment of counterfeiting of coins
and securities of the United States, protect the arts and sciences
by copyrights and patents, punish for piracies and felonies commit-
ted on the high seas, raise and support an army and navy, and lay
and collect taxes by appointment, and indirect taxes by exercise,
duties, or imports.

### 19.

This is about the extent of the legitimate jursdiction of the
Federal United States Government. It is only in these areas, **supra**,
that a "crime (or offense) against the Federal United States" can
exist, and this is so only when Congress actually passes a Law in
one of these areas:

But an act committed within a State for good or a bad purpose, or whether with honest or a criminal intent, cannot be made an offense against the United States, unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction of the United States of America.

20.

United States v. Fox, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever. The criminal jurisdiction of the Courts of the United States is wholly derived from the Statutes of the United States. Manchester v. Massachusetts, 139 U.S. 240, 262 (1890); United States v. Flores, 289 U.S. 137, 151 (1932). Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court. United States v. Bedford, 27 Fed. Cas., p.91 103, Case No. 15,867 (1847).

21.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offence against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution. There is no other source from which Congress can get authority to make law, including the Common Law. Thus it has been said that, "There is no Federal Common Law."

22.

But the better way of stating this is to say, "There are no Common Law Offenses (or crimes) against the United States." United States v. Britton, 108 U.S. 199, 206 (1882); United States v. Eaton, 144 U.S. 677, 687 (1891); United States v. Gradwell, 243 U.S. 476, 485 (1916); Donnelley v. United States, 276 U.S. 505-511 (1927);

///// 13. Memorandum of Law with Incorporated Points and Authorities. N

*Jerome v. United States*, 318 U.S. 101, 104 (1942); *Norton v. United States*, 92 Fed.2d 753 (1937). In other words, the Common Law is not a source for criminal jurisdiction as it is in the States. *United States v. Grossman*, 1 Fed.ed 941, 950-51 (1924).

23.

By "jurisdiction" is meant the authority of the Federal Courts to hear and decide a matter. Thus it is even more correct to say that, "The Federal Courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (Federal Courts) can take jurisdiction. **State of Pennsylvania v. Wheeling E. Bridge Co.**, 13 How. (54 U.S.) 518, 563 (1851).

24.

If Congress tries to make a Common Law Offense a crime (such as libel, drugs, theft, burblary, murder. kidnapping, arson, rape, abortion, assault, fraud, etc.), which have no relation to an enumerated power, it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus the only thing that can be a crime against the "United States" is that which comes from the U.S. Constitution. These concepts were stated early on by the U.S. Supreme Court:

> In relation to crimes and punishments, the objects of the delegated power of the United States are enumerated and fixed. Congress may provide for the punishment of counterfeiting the securities and current coin of the United States, and may define and punish piracies and felonies committed on the high seas, and offenses against the

Art. §8 ***, but there is no reference to a Common Law authority. Every power is [a] matter of definite and positive grant; and the very power that are granted cannot take effect until they are exercised through the medium of law. The **United States v. Worrall**, 2 Dall. (2. U.S.) 384, 391 (1798).

25.

A Constitution is not to be made to mean one thing at one time, and another at some subsequent time when the circumstances have so changed, as perhaps to make a different rule in the case desirable. A principal share of the benefit expected from written Constitution would be lost if the rules they establish were so flexible as to bend to circumstances or be modified by public opinion. [A] court or legislature which should allow a change in public sentiment to influence it in giving to written constitution a construction not warranted by the intention of its founders, would be justly chargeable with reckless disregard of Officail Oath (28 **U.S.C.** §453-18 **U.S.C.** §1621) and public duty; and if its course could become a precedent these instruments would be of little avail. What court is to do, therefore, is to declare the law as written. **T.M. Cooley, A Treatise on the Constitutional Limitation**, 5th Ed., pp. 54,55., rather than be swayed by polictical ambition and the unlawful unsurpation of police powers. Chief Justice, John Marshall stated:

> " We [Judges] have no more right to decline the exercise of jurisdiction, which is given, than to usurp that which is not given. The one or the other would be treason to the Constitution." **Cohens v. Virginia**, 6 Wheat. **(19 U.S.) 264, 404 (1821).**

26.

The district court erred in not determining jurisdiction prior to entertaining the cause.

a.    Standard of Review

The court's duty to resolve the jurisdiction of the court, regardless of who brings the action, the court must make a legal finding as to its authority to take venue and jurisdiction, before the court moves to entertain the cause before it.  See, 20 Am Jur 2d §60, 377

## §60    Power and Duty to Determine Jurisdiction

A Court has the power and duty to examine and determine whether or not it has jurisdiction over the subject matter presented to it, and its determination being subject, of course, to appellate review.  This question should be considered by the court before it looks at other matters involved in the case, such as whether the parties are properly before the court. It may, and must do this on its own motion, without waiting for the question of its jurisdiction to be raised by any of the parties involved in the proceedings.

## §62    Jurisdiction as dependent on application for relief

The general rule is that the court cannot adjudicate a controversy on its own motion; it can do so only when the controversy is presented to it by a party, and only if the case is presented to it in the form of a proper pleading.  A court has no power either to investigate or to initiate proceedings.  When a statute prescibes a mode of acquiring jurisdiction, that mode must be followed or the proceedings and resulting judgment will be void and the judgment subject to collateral attack.

## §65    Effect of Lack of Jurisdiction

" THE GENERAL RULE IS THAT PROCEEDING CONDUCTED OR DECISIONS MADE -- BY A COURT ARE LEGALLY VOID WHEN THERE IS AN ABSENCE OF JURISDICTION OVER THE SUBJECT MATTER.

A COURT DEVOID OF JURISDICTION OVER THE CASE CANNOT MAKE

//// - 16 Memorandum of Law with Incorporated Points and Authorities- N

A DECISION IN FAVOR OR EITHER PARTY, CANNOT DISMISS THE COMPLAINT
FOR FAILURE TO STATE A CLAIM AND CANNOT RENDER A SUMMARY JUDGMENT,
AS A DECISION WOULD BE ON THE MERITS OF THE ACTION.  IT CAN ONLY
DISMISS THE CASE FOR WANT OF JURISDICTION.  HOWEVER, A COURT CAN SET
ASIDE ORDERS IT MADE BEFORE THE WANT OF JURISDICTION WAS DISCOVERED,
AND A JUDGMENT BY A COURT WITHOUT JURISDICTION OVER SUBJECT MATTER
CAN BE SET ASIDE AND VACATED AT ANY TIME BY THE COURT THAT RENDERED
IT."  (In Part)


27.

The Petitioner asserts that the District Court lost its juris-
diction, once it failed to determine jurisdiction to hear this case
at bar before proceeding with sentencing and/or trial.


28.

The question of challeging the court, and the United States
jurisdiction, was never waived by this Petitioner, it is well settled
in the law that when jurisdiction of the court and of the United States
is challenged, thus "Onus Probandi is the actor."  Onus Probandi
burden of providing the burden of proof, "The strict meaning of the
Onus Probandi," is that, if no evidence is adduced by the party on
whom the burden is cast, the issue must be found against him, Davis v.
Rogers, 1 Houst (del.) 44.  "Where jurisdiction is challenged it
must be proved," Hagen v. Lavine, 415 U.S. 528 (1974).  Because it
is not sufficient that jurisdiction of the United States Courts may
be inferred argumentatively from averments in the pleadings it fol-
lows that the necessary factual predicate may not be gleaned from the
briefs and arguments themselves; this principal of federal jurisdiction
applies whether  that case is at the trial stage or at the appellate
stage.

29.

The Petitoner asserts that the court and government has not been granted jurisdiction through the Constitution of the United States of America, to adjudicate matters beyond the legislative jurisdiction of the United States.  The courts and the government have failed to offer proof, or make findings and conclusions of law, as to the jurisdiction in the above alleged criminal action.  "A court cannot proceed at all in any case without jurisdiction but must announce the fact and dismiss the cause."  See, **Ex Parte McCardle**, 7 Wall 506, 19 L.Ed. 264.  Before considering each of the standings theories, it is appropriate to restate certain basic principals that limit  the power of every Federal Court.  Federal Courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and statutes enacted by Congress pursuant thereto. **e.q. Marbury v. Madison**, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803). For that reason, every Federal Appellate Court has a special obligation to "satisfy itself not only of its jurisdiction, but also that of the lower courts in a cause under review," even though the parties are prepared to concede it.  **Mitchell v. Maurer**, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934) See, **Judice v. Vail**, 430 U.S. 327 331, 332 51 L.Ed.2d. 376, 97 S.Ct. 1211 (1977)(standing), "and if the record discloses that the lower courts was without jurisdiction (such as in this case) this court will notice the defect, although the parties make no contention concerning it."  See, **Bender v. Williams Port Areas School District**, 475 U.S. 534, L.Ed.2. 501, 106 S.Ct. 1326.  When the lower Federal Court lacks jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining

the suit. See, United States v. Corrick, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D.Vy. 829 (1936). See also e.q., United States v. Mata, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981), City of Kenosha v. Bruno, 412 U.S. 507, 511 37 L.Ed.2d, 109, 93 S.Ct. 122 (1973), Clark v. Paul Gray, Inc., 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939), St. Paul Mercury Indemnity Co. v. Red Cab Co, 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1936). This obligation to notice defects in a court of appeals, subject matter jurisdiction, assume a special importance, when a constitutional que-stion is presented. In such cases we have held strictly to the stand-ing requirements to ensure that out deliberations will have benefit of adversary presentation and full development of the relevant facts. The court must be mindful that the powers of the legislature are de-fined and limited and that those limits may not be mistaken of forgotton, the Constitution of the United States of America has been written indeed this is the very essence of the judicial duty. See, Marbury v. Madison, 5 U.S. 137, 176-178, 1 Cranch 137 (1803).d See, also, Bell v. Maryland, 378 U.S. 266, 224 (1964)(Douglas J. Concurring). " A district court are courts limited jurisdiction, which has only powers conferred on it by this Title under 28 U.S.C.A. Article III, and cannot assume jurisdiction." See, Stanard v. Olesen, 74 S.Ct768 (1954) also, McNutt v. G.M , 56 S.Ct. 789, 80 L.Ed. 1135., and Thom-son v. Gaskiel, 62 S.Ct. 573, 83 L.Ed. 111. It is clear that federal jurisdiction does not rest in federal statutes that do not invest exclusive jurisdiction. Neither statute governing courts authority not the statute governing the charged crime invest exclusive auth-ority of the subject matter to justify the abrupt (police power) removal of this Petitioner from the State jurisdiction, by the Federal

Government.  The Supreme Court in __Housenbaum v. Bauer__, 120 U.S. 450 (1887), searching the language of the statute to see if jurisdiction is conferred by a statute stated:

> " Here we are bound by statute and not by States alone, but by an act of Congress, which obliges us to follow the State statute and State practice.  The Federal courts are bound hand and foot, and are compelled and, obliged by the federal legialature to obey the State law."

30.

The Petitioner contends that such rules prevail where it appears from the record that the court was without jurisdiction, of either person or the subject matter.  For the record, where it appears from the __record__ that the court did not have jurisdiction of the person or the subject matter, there is not conclusive presumption to preclude an injury into the fact and to prevent a declaration of the invalidity of the judgment.  A record, which affirmatively shows want of jurisdiction, is of its self, __conclusive as that fact__.

31.

Moreover, a district court judge may and must check for the courts jurisdiction to proceed, in the pleading proceeding.  He must do this on his own motion without waiting for the question of lawful jurisdiction to be raised by any of the parties involved in the proceedings.  He is charged to know that the court proceedings conducted absent jurisdiction over the subject matter are legally void and subject to collateral attack.  See, __46 American Jurisprudence 2d.  Judgment §26__.  As a district court judge charged with knowledge that jurisdiction is the authority to hear and determine a specific case within a class over which the court has subject matter juris-

diction. Also awareness that his court is subject to <u>Territorial</u> <u>limitation and cannot extend</u> the jurisdiction authority which comes pursuant to an act of Congress and under which behalf the court functions. Knowing that the jurisdiction of his court is limited, and can be further limited by constitutional or statutory provisions to only part of the territory of the sovereignty to which the court belongs. See, <u>American Jurisprudence 2d. Courts §115</u>.

32.

The district court of Petitioner's conviction is one limited and special original jurisdiction, its action must be confined to the particular cases, controversies, and parties over which the constitution and the laws have authorized it to act; any proceedings without the limits prescribed is Coran Non Judice and its actions a nullity. See, <u>State of Rhode Island et. al. v. Commonwealth of Mass.</u> <u>37 U.S. 657 (1938)</u>. The statute designating the Federal Government charges, that if a crime does not authorize concurrent jurisdiciton doctrine authorize concurrent jurisdiction. See, <u>Adams v. United</u> <u>States</u>, 87 L.Ed. 1421. The jurisdiction to detemine jurisdiction doctrine authorizes courts to issue ancillary orders while determining thier own jurisdiction, and to punish as criminal contempt, the violations of such others, even though it may later be determined that the court lacks jurisdiction over the proceedings. When a court assumes jurisdiction but later discovers that it has no subject matter jurisdiction, the court must take the appropriate action, although it acted in accordance with its previous belief that it had jurisdiction. See, <u>American Jurisprudence 2d. Courts §60 page 377</u> Jurisdiction to render a judgment in a particular case or against particular persons may not be presumed where the record itself shows

///// - 21 Memorandum of Law with Incorporated Points and Authorities N

jurisdiction has not been acquired. See, <u>Old Wayne Mut Life Asso.</u>
<u>v. McDonough</u>, 204 U.S. 8, 51 L.Ed.345, 27 S.Ct. 236. Hence a fact
connected with jurisdiction to render a judgment may not be in the
face of statements to the contrary in the record.

## FAILURE TO ESTABLISH FEDERAL INTERSTATE COMMERCE NEXUS

33.

Defense counsel was ineffective by failing to raise or challenge
the governments lack of Federal Subject Matter Jurisdiction over the
alleged prohibitive acts charged against the petitioner.

34.

That, **defense counsel failed ab initio** to raise or challenge
that the Federal Statutory Provisions under which the Petitioner is
charged failed to contain language of an interstate commerce nexus.
the enumerated subsection under which the Petitioner is unlawfully
incarcerated and detained of his Liberty, possess no language which
could be construed as importing, interposing or incorporating a
Commerce Nexus.  Thus, the language of the statute does not grant
federa subject  matter jurisdiction, nor grant formal notice to the
accused party that an alleged violation of Title 21 U.S.C. §§846
also invokes an uncharged violation of the federal Interstate Com-
merce statute, even though no prohibitive acts moved beyond the borders
of the sovereign state or across state line or international borders.
The Federal Governement does not have a general police power, thereby
the legitimate application of Title 21 U.S.C. §§846 may only be
applied if ...

connected to an alleged violation of the Interstate Commerce statute.

35.

Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d.
252 (1960) at 857.  The Supreme Court stated that, " The essential
element was the allegation of an effect on Interstate Commerce which
provided the court with (subject matter) jurisdiction" over the al-
leged prohibitive acts.  Where the instant matter is concerned, the
government has failed ab initio to establish that the prohibitive
conduct of the petitioner, moved beyond the border of the sovereign
state, thus in the clear absence of a commerce charge, the government
failed to establish Federal Subject Matter jurisdiction over the al-
leged offense.

36.

Under  our federal system, the "States possess primary authority
for defining and enforcing the criminal law." See, **Brecht v. Abra-**
**hamson**, 507 U.S. 123 L.Ed.2d 353, 113 S.Ct. 1710 (1993),quoting:
**Engle v. Isaac**, 456 U.S. 107, 71 L.Ed.2d 783, 102 S.Ct. 1031, 162
ALR 1330 (1945)(plurality opinion) "our National Government is one
of delegated powers alone.  Under our federal system the adminis-
tration of criminal justice rests with the states except as Congress,
acting within the scope both delegate powers has created offenses
against the United States."  When Congress criminalizes conduct al-
ready denounced as criminal by the State it affects a change in the
sensitive relation between federal and state criminal jurisdiction.
**United States v. Unmans**, 410 U.S. 396 441-412, 35 L.Ed.2d 379, 93
S.Ct. 1007 (1973). quoting, **United States v. Bass**, 404 U.S. 336, 349
30 L.Ed.2d 488, 92 S.Ct. 515 (1971).  It's obvious the government
would have to acknowledge that **Title 21 U.S.C. §§846** displaces
state policy.

///// - 23   Memo. of Law with Incorporated P

kin that its prohibitions is being used in every State. Title 21
U.S.C. §846   is now being used outside its scope of intended use by
inappropriately overriding State law. By imposing higher penalties
and establishing mandatory penalties for the same offenses that the
State already charges.  The policies reflected in these provisions
could legitimately be adopted by the States, but they should not be
imposed upon the States by Congress.  By the government's use of
these two statutes outside its scope and its intended use two we have
a system that can punish the same act by different indiviuals with
different and more selective punishment.  Thus, the abuse-mentioned,
defendant in the case also charges the government was selective by
going outside its jurisdiction which was clearly spelled out by the
99th Congress 2d Session, of the Federal Statutory Provision under
which the Petitioner is alleged to have violated the act in question
to determine, whether it applies solely within the jurisdiction of
the United States.  Analysis of the operative sections of the act,
particularly the section at issue herein, clearly reveals that there
is nothing, which idnicates that the act applies anywhere but within
United States territories and enclaves.  There simply is no statutory
language expressly stating that the act applies "extra jurisdiction-
ally."  Further, the Federal Statutory Provisions which are an issue
of Title 21, Section §846 totally fail to mention or refer to "in-
terstate commerce" or otherwise connect the provisions of this act
to congressional interstate commerce powers.  This is particulary
apparent from a review of Section §846 mention nothing in
reference to interstate commerce.  It should be noted that in other
criminal acts Congress statutorily bases such acts upon it's "inter-
state commerce" powers.

37.

The Petitioner asserts prosecutorial misconduct and plain error, 52(b) F.R.C.P., in that the application was not within the scope of Rule 7(c)(1), F.R.C.P. to the indictment in which was an amendment to cure the jurisdiction requirement; the indictment failed to explicitly, allege a (nexus) to commerce. See, **United States v. Knowles**, 29 F.3d 947, 952 (5th Cir. 1994).

38.

The Petitioner stands firm on his assertion that he was highly prejudiced by the prosecutor, not qualifying the jurisdiction nexus in the statute, to the Grand Jury. The Second and Third Circuit is on record as expressing the view that "when the word or phrase is used in the Sect. of the "Act" more than once, and the meaning is clear as used in one place." **Meyer v. United States**, 175 F.2d 45, 47 (2nd. Cir. 1949), quoting, **Lewellyn v. Nunez**, 573 F.2d 769 (2nd Cir. 1978), and, **C.I.R. v. Ridgeway's Estates**, 291 F.2d 257 (3rd Cir. 1961). It is elementary principal of criminal pleading, that where the definition of an offense, whether it be common law or by statute, includes generic terms, it is not sufficient that the indictment shall charge the offense in the same generic terms as in the definition; but it must state the specifics it must descent to a particulars, **United States v. Crikshank**, 92 U.S. 542, 558, 23 L.Ed. 588, 593. An indictment not framed to appraise the defendant with reasonable certainty, of the nature of the accusation against him, and it's jurisdiction to sustain those accusations is defective, although it may follow the language of the statute. See, **United States v. Simmons**, 96 U.S. 360, 362, 24 L.Ed. 819, 820. In as in-

///// - 25

dictment upon statue, it is not sufficient to set forth the offense
in the words of a statute, unless those words of themselves fully,
directly, and expressly, without any uncertainty or ambiguity, set
forth all the elements necessary to constitute the offense intended
to be punished. See, **United States v. Carll**, 105 U.S. 611, 612, 26
L.Ed. 1135, certainly the jurisdictional nexus, constitutes one of
the elements. Undoubtedly the language of the statute may be used
in the general description of an offense, but it must be accompanied
with such a statement of the fact and circumstances as well inform
the accused of the specific offense, coming under the general des-
cription with which he is charged, (an indictment that fails to state
its jurisdistion nexus in the pleadings or statute, certainly would
not be informing the accused of the above provisions). For similar
views see, **United States v. Hess**, 124 U.S. 483, 487, 31 L.Ed. 516,
518, 8 S.Ct. 543; **Blitz v. United States**, 153 U.S. 308, 315, 38 L.Ed.
725, 727, 14 S.Ct. 924; **Keck v. United States**, 172 U.S. 434, 437,
43 L.Ed. 505, 507, 19 S.Ct. 254; **Morissette v. United States**, 246,
270 note 30, 96 L.Ed. 288, 304 S.Ct. 240, cf. **U.S. v. Petrillio**, 332
U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538. That these
basic principals of fundamental fairness retain their full vitality
under modern concepts of pleading and specifically under Rule 7(c)
of the Federal Rules of Criminal Procedure. In this case at bar, a
mere citation (such as the government used in this case) to the ap-
plicable statute does not give the defendant notice of the nature
of the offense. An indictment that must rely on a statutory citation
does not fully, directly, and expressly, without any uncertainty or
ambiguity set forth all the elements (such as jurisdiction) necessary

to constitute the offense intended to be punished (or to sustain the charges). See, __Hamling v. United States__, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed.2d. 590 (1974). Furthermore, a statutory citation does not ensure that the Grand Jury has considered and found all essential elements such as (jurisdiction) of the offense charged. It therefore fails to satisfy the Fifth Amendment guarantee that no person be held to answer for an infamous crime unless of indictment of a Grand Jury. See, __United States v. Pupo__, 841 F.2d 1235 (4th Cir. 1988) quoting, __United States v. Hooker__, supra. at 841 F.2d 1225 (4th Cir. 1988). As stated in __Hooker__, when an indictment fails to include as essential element of the offense charged, it thereby fails to charge any federal offense and conviction under the indictment may not stand. A Grand Jury in order to make the ultimate determination, must neceassarily determine, what gives the government jurisdiction to sustain, or bring these charges. To allow the prosecutor, or the court to make a subsequent guess as to what was in the minds of the Grand Jury at the time they returned the indictment  would deprive the defendant of a basic protection which guarantee of intervention of a Grand Jury was designed to secure. For a defendant could then be convicted on the basis of facts not found by a Grand Jury or perhaps, not even presented to the Grand Jury which indicted him such as this case now, before this court, the jurisdiction nexus needed and required certainly was never presented to the defendant's Grand Jury. For similar views see, __Orfield Criminal Procedure from Arrest to Appeal 243__. This underlying principal is reflected by the settled rule in the federal courts that an indictment may not be amended excpet by resubmission to the Grand Jury unless the charge is merely a matter of form, __Ex Parte Bain__, 121 U.S. 1, 30 L.Ed. 849,

7 S.Ct. 781; United States v. Norris, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424, Stirone v. United States, 361 U.S. 212, 4 L.Ed.2d., 80 S.Ct. 270. If it lies within the province of a court to amend an indictment to suit its own notion of what ought to have been, when such allegation of a commerce nexus is not submitted to the Grand Jury, neither the government or court has the authority to amend an indictment to incorporate  the crucial missing element. The great importance which the common law attaches to an indictment by a Grand Jury, as a prerequisite to a prisoner's trial for a crime and without which the Constitution says no person shall be held to answer, may be frittered away until its value is almost destroyed. any other doctrine would place the rights of the citizens which were intended to be protected by this Constitutional provision, at the mercy or control of the court or prosecuting attorney; for if it be once held that the charges can be made by the consent or the order of the court in the body of theindictment as presented by the Grant Jury, and the prisoner can be called upon to answer to the indictment as thus changed, the restriction which the Constitution places upon the power of the court, in regards to the prerequisite of an indictment, in reality no longer exists. **Ex Parte Bain,** supra **(121 U.S. at 10. 13).** This court must be aware that "the very purpose of the requirement that a man be indicted by a Grand Jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney of judge." See, **Stirone v. United States,** supra. **(361 U.S. at 218).**

LACK OF ADMINISTRATIVE AGENCY JURISDICTION

OVER LOCUS IN QUO

39.

Defense counsel was ineffective by failing to raise or challenge
that no amendment to the Constitution can be found to provide for
the unbridled, nationwide application of the Federal Statutory
Provisions under which the Petitioner is charged.

40.

The Constitution for the United States created a government which
has jurisdiction over certain enumerated subject matter.  It is only
in these areas that Congress can enact laws, and when they do, the
Federal Courts are to enforce the law.  But when laws do not come
from an enumerated power, the Federal Courts are to prevent the U.S.
Government or Congress from applying them.

41.

The Federal Constitution prescribes what the "jurisdcition" of
the Federal Government is by the enumerated powers.  That government
can regulate foreign and interstate commerce, fix the standards of
weights and measurements, establish uniform laws on bankruptcies,
coin money and provide for the punishment of counterfeiting of the
coins and securities of the United States protect the arts and sci-
ences by copyrights and patents, punish for piracies and felonies
committed on high seas, raise and support an Army and Navy, and lay
and collect direct taxes by apportionment, and indirect taxes by
exercise, duties, or imports.

///// - 29 Memorandum of Law with Incorporated Points and Authorities- N

42.

This is about the extent of the legitimate jurisdiction of the Federal United States Government.  It is only in these areas, supra, that a "crime (or offense) against the Federal United States" can exist, and this is so only when Congress actually passes a Law in one of these areas.  But an act committed within a State, whether with honest or criminal intent, cannot be made an offense against the United States unless it has some relation to the execution of a power of Congress, or to some matter within the jurisdiction the United States.  **United States v. Fox**, 95 U.S. 670, 672 (1877). [T]he courts of the United States, merely by virtue of this grant of judicial power, and in the absence of legislation by Congress, have no criminal jurisdiction whatsoever.  The criminal jurisdiction of the courts of the United States is wholly derived from the statutes of the United States.  **Manchester v. Massachusetts**, 139 U.S. 240, 262 (1890): **United States v. Flores**, 289 U.S. 137, 151 (1932).  Acts of Congress, as well as the Constitution, must generally unite to give jurisdiction to a particular court.  **United States v. Beford**, 27 Fed. Cas., pg. 91, 103 Case No. 15,867 (1847).

43.

The Federal Courts only have jurisdiction in matters involving an "offense against the United States," and nothing can be an offense against the United States unless it is made so by Congressional Act pursuant to the U.S. Constitution.  There is no other source from which Congress can get authority to make Law, including the Common Law.  Thus, it has been said that, "There is no Federal Common Law."

44.

But the better way of stating this is to say, "There are no ///// - 30 Memorandum of Law with Incorporated Points and Authorities- N

Common Law offenses (or crimes) against the United States." <u>United States v. Britton</u>, 108 U.S. 199, 206 (1882); <u>United States v. Eaton</u>, 144 U.S. 677, 687, (1897); <u>United States v. Gradwell</u>, 243 U.S. 476 485 (1916); <u>Donnelley v. United States</u>, 276 U.S. 505, 511 (1927); <u>Jerome v. United States</u>, 318 U.S. 101, 104 (1942); <u>Norton v. United States</u>, 92 Fed.2d 753 (1937). In other words the Common Law is not a source for criminal jurisdiction as it is in States. <u>United States v. Grossman</u>, 1.Fed.2d 941, 950-51 (1924).

45.

By "jurisdiction" is meant the authority of the federal courts to hear and decide a matter. thus, it is even more correct to say that, "The federal courts have no jurisdiction of Common Law offenses, and there is no jurisdiction of Common Law offenses, and there is no abstract pervading principal of the Common Law of the Union under which we (federal courts) can take jurisdiction." <u>State of Pennsylvania v. The Wheeling E. Bridge Co.</u>, 13 how. (54 U.S.) 518, 563 (1851).

46.

If Congress tries to make a Common Law offense a crime (such as Libel, Drugs, Theft, Burglary, Murder, Kidnapping, Arson, rape, Abortion, Fraud, etc.), having no relation to an enumerated power it would simply be an "unconstitutional" act. Congress can declare nothing to be a crime except where it is based upon a delegated power. Thus, the only thing that can be a crime against the "United States" is that which comes from the U.S.Constitution. These concepts were stated early on by the U.S. Supreme Court.

> " In relation to crimes and punishments, the objects of the delegated powers of the United States are enumerated and fixed. Congress may

///// - 31 Memorandum of Law with Incorporated Points and Authorities- N

provide for the puishment of counterfeiting the securities and current
coin of the United States, and may define and punish piracies and fel-
onies committed on the high seas, and offenses against the law of nations.
Art. §8 but there is no reference to a Common Law Authority. Every power
is [a] **matter** of definite and positive grant; and the very powers that
are granted cannot take effect until they are exercised through the
medium of a law. **The United States v. Wortall**, 2 Dall. (2 U.S.)
384, 391 (1798).

47.

A Constitution is not to be made to mean one thing at one time,
and another at some subsequent time when the circumstances have so
changed, as perhaps to make a different rule in the case seem des-
irable. A principal share of the benefit expected from written
constitutions would be lost if the rules they establish were so
flexible as to bend to circumstances or be modified by public opin-
ion. [A] court of legislature which should allow a change in public
sentiment to influence it in giving to a written consitution a con-
struction not warranted by the intention of its founders, would be
justly chargeable with reckless disregard of the official oath.
(28 U.S.C. §453 - 18 U.S.C. §1621) and public duty; and if its course
could become a precedent, these instruments would be of little avail.
What a court is to do, therefore, is to declare the Law as written.
**T.M Cooley. A Treaties on the Constitutional Limitations**, 5th Ed.,
pp. 54, 55, rather than be swayed by political ambition and the un-
lawful usurpation of police powers. Chief Justice, John Marshall
stated:

> We [Judges] have no right to decline the exercise of jurisdiction which
> is given, that to usurp that which is not given. the one or the other
> would be **Treason** to the Constitution. **Cohens v. Virginia**, 6 Wheat (19)
> U.S. 264, 404 (1821).

48.

The United States Code was approved by an Act of Congress on
June 30, 1926 (44 Stat. Part I).  The code is assembled and revised
under the supervision of "The Committee on the Judiciary of the
House of Representatives".  The main work of revision is done by a
subcommittee or office of this committee called "the Office of the
Law Revision Counsel of the House of Representatives."  It consists
of an appointed supervisor, some memebers of Congress, some volunteer
Lawyers, and persons form West Publishing of St. Paul, Minnesota.

49.

When the U.S. Code was first published, it never was stated to
be the official laws of the United States.  Rather, it was stated
that the Code was a "Restatement" of law, or was only "prima facie
evidence of the laws of the United States." On this matter the court
stated:

> The United States Code was not enacted as a statute, nor can it be
> construed as such.  It is only a prima facie statement of the statute
> law.... If construction is necessary,  recourse must be had to the
> original statutes themselves. **Five Flages Pig Line Co. v. Dept.
> of Transportation**, 854, F.2d 1438, 1440 (1988); **Stephan v.
> United States**, 319 U.S. 415, 426 (1943)' **44 Stat Part 1,
> preface; Murrell v. Western Union Tel. Co**., 160 F.2d 787,
> 788, (1947); **United States v. Mercur Corp.**, 83 F.2d 178,
> 180 (1936).

50.

this tells us that the United States Code, as originally estab-
lished, was not on an equal plain with the "original statutes" or
the **Statutes at Large**.  thus, the Code was not **True Law**.  With the
state of regular use of the U.S. Code, numerous problems arose in
that it contained mistakes, errors and inconsistencies as compared

///// - 33 Memorandum of Law with Incorporated Points and Authorities- N

to the Statutes at Large.    Thus, in 1947, Congress enacted several
of the Titles into "positive law," such as the Act:    "To codify and
enact into positive law, **Title 1 of the United States Code,**" In doing
so they devised some new terminology; which is set out under 61 **Stat.**
633, 638-644; 1 U.S.C. §204(a).

51.

Look back at the cases cited, which state that the criminal jur-
isdiction of the United States exists only by Acts of Congress pur-
suant to the Constitution.    In the nature of a question of law, if a
federal court were asked whether the Code cited in an indictment is
an Act of Congress, the court could not rightfully say it is, because
the Code citation contains no congressional enacting clause for that
citation as required  by **61 Stat.** 633, 634, §101.    If no such enacting
clause appears on the face of the law, it is not an act of Congress
and **no** criminal jurisdiction exists wihtout a bona fide Act of Cong-
ress.    The argument in such a case is that the indictment does not
set forth a case arising under the Constitution, as there is no Act
of Congress with a duly required enacting clause.    Thus, there is **no**
subject matter jurisdiction pursuant to the federal judicial power
defined in the nature of **Article III, §2 of the Federal Constitution.**

52.

No where does it say in the Code, or in the pronouncements by
Congress or the Courts, that the laws in the U.S. Code are Acts of
Congress.    In fact, the Code is always regarded as something differ-
ent from the **Statutes at Large.**

> **But no one denies that the official source to find United
> States law is the <u>Statutes at Large</u> and the Code is only prima
> facie evidence of such laws.**

///// - 34 Memorandum of Law with Incorporated Points and Authorities- N

54.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information. If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction. When an accused-party is indicted under a not-yet-effective or unenacted statute, the charging documents is void.

55.

Congress has no general power to enact police regulations operative within the territorial limits of a State. **Slaughter-House Cases**, 83 U.S. 36; **United States v. Dewitt**, 76 U.S. 41; **Gibbons v. Ogden**, 22 U.S. 1; and it cannot take this power from the states or attempt any supervision over the regulations of the States established under this power, **Keller v. United States**, 213 U.S. 138. The exercise of the police power by a state is beyond interference by the Federal Government. See also, **People v. Godfrey**, 17 Johns 225, at 233 (N.Y. 18181); **United States v. Bevans**, 16 (3 Wheat) 336 (1818); **Adams v. United States**, 319 U.S. 312 (1943), and **Caha v. United States**, 152 U.S. 211, 215 (1894), Supreme Court authorities, which contain language that leaves no room for misinterpretation of mis-application.

## UNPROMULGATED REGULATORY STATUTES

56.

defense counsel was ineffective by failing to raise that there are no public implementing regulations in the Code of Federal Regulations (CFR) for the Federal Statutory Provisions under which the petitioner is charged.

///// - 35 Memorandum of Law with Incorporated Points and Authorities-N

57.

That, defense counsel failed ab initio to raise or challenge the fact that the Federal Statutory Provisions under which the Petitioner is charged are unenacted by Congress, unpromulgated in the Federal Register and possess no public implementing authorities in the Federal Code of Regulation.  The Petitioner would like the record to reflect that the Federal Statutory Provision under which he is charged, are in fact commercial regulatory statutes which have not promulgated in the Federal Register or the Code of Federal Regulations, as required under 44 U.S.C. §1505, et seq., and 5 U.S.C. §601. Therefore, it is arguable that this court has jurisdiction to adjudicate sanctions for violation of Unpromulgated Regulatory Statutes. The petitioner thus advances with supporting authorities that no documentation can be shown that the enumerated subsections under which the accused-party is charged, have published regulations, thus these particular Federal Statutory Provisions **Title 21 U.S.C. §846** lack the force and effect of Law, when mis-applied beyond the parameters of Rule 54(c) - Acts of Congress, of Federal Rules of Criminal Prosedure.

58.

In **Foley Brothers v. Filardo**, 336 U.S. 281 (1949), the high court stated, "It is well established as a principal of law, that all federal legislation applies only within the territorial jurisdiction of the (federal) United States unless a contrary intent appears."  In order for a contrary intent to be facilitated, delegations of authority and implementing regulations must be published in the Federal Register.

59.

Fortunately, there is a readily available method for discerning which Statute at Large, and which Statute contained within the 50 Titles of the United States Code, possess either restricted appli- cation, or general applicability to the several States and the pop- ulation at large.  This method is through consulting the Parallel Tables of Authority and Rules which begins at page **709 of the 1998 Index Volume to the Code of Federal Regulations.**  Its authoirty is located at 1C.F.R.§8.5(a).

60.

The **Administrative Procedures Act,** located at <u>5 U.S.C. §§552 ET SEQ.</u>, and the Federal Register Act, located at <u>44 U.S.C. §1505 et seq.</u>, provide the means for determining which Statutes in any given act of Congress are applicable, within federal areas, and which Stat- utes have "general" applicability within the territories, enclaves, and insular possessions, belonging to the federal United States.  At §1505(a)(1), of Title 44, of the United States Code, it is found that if a Statute is not published in the Federal Register, the application of the statutory provision is restricted to federal agencies, or per- sons acting in their capacity as officers, agents or employees of the federal governement.

61.

Positive Law is the irrefutable Law of the United States of America, which has withstood the test of time.  However, when federal statutory provisions are not duly and properly promulgated in accord- ance with the law, then such Statutes lack the force of law, and may not be applied capriciously or arbitrarily.

62.

In <u>Hotch v. United States</u>, 212 F.2d. 280 (9th Cir. 1954), at
p.283, the court stated:

> " Under our system of law, no act is punishable as a crime unless
> it is specifically condemned by the Common Law or by a statutory
> enactment of the Legislature (22 C.J.S. Crim. Law, see 17).
> Therefore, the Administrative Procedure Act and the Federal Register
> Act must be read as a part of every Congressional delegation of
> authority unless specifically excepted.  Those acts require public-
> ation, irrespective of actual notice, as a prerequisite to the
> "issuance" of a regulation making certain acts criminal.  If certain
> acts have not been made crimes by duly enacted law, the knowledge of
> their contemplated administrative proscription cannot subject the
> informed person to criminal prosecution.  **While ignorance of the law
> is no defense, it is conversely true that a law which has not been
> duly enacted into positive law, is not a law of general applicability
> and therefore, a person who does not comply with its provisions cannot
> be guilty of any crime.**"

63.

In **Wei v. Robinson**, 246 F.2d 739 (7th Cir. 1957). cert. den. 78
S.Ct. 144, 355 U.S. 879, the Supreme Court stated, "Contents of the
Federal Register and the Code of Federal Regulations are **prima facie
evidence** of the original text and are required to be judicially noted."
In **Wolfson v. United States**, 492 F.2d 1386, 204 Ct. Cl. 83 (1974).
"When regulations are published in the Federal Register, they give
legal notice of their contents to all who may be affected thereby."
In **Shafer v. United States**, 229 F.2d 124, cert. den. 76 S.Ct. 78,
351 U.S. 931, the Court stated, " The publication of a document in
the Federal register creates a rebuttable presumption of validity."
**Northern States Power Co. v. Rural Electrification Administration**,
248 F.Supp 616 (1965), the Court stated, "Rules by governemnt agency
of general applicability and published in accordance with the Federal

///// - 38 Memorandum of Law with Incorporated Points and Authorities.

Register Act have force and effect of Statute Law and are binding on those publishing them as well as the general public until such time as they be repealed or modified. Fed. Reg. Act §1, et seq., 44 U.S.C.A. §301 et seq.

64.

In **United States v. Mersky**, 361 U.S. 431, 438 (1960), the Supreme Court stated:

> " Once promulgated, these regulations called for by the statute itself have the force of law, and violation thereof incur criminal prosecutions just as if all the details have been incorporated into the Congressional language. The result is that neither the Statute nor the Regulation are complete without the other, and only together do they have any force in effect; therefore, the construction of one necessarily involves the construction of the other, and in the context of criminal prosecutions, the rule of strict construction must be applied in the interpretation of an Administrative Regulation to which penal consequences attach under the Statute authorizing the promulgation of the regulation, as well as the construction of the statute."

65.

In **United States v. Reinis**, 794 F.2d 506 (9th Cir. 1986), the Court stated, "An individual cannot be prosecuted for violating the "Act" unless he violates an implementing regulation." See also, **United States v. Two Hundred Thousand Dollar**, 590 F.Supp 846 (S.D. Fla. 1984), specifically stated at 1 **C.F.R.** §1, "All regulations must be published in the Federal Register to have general applicability and legal effect." Regulation published by the Secretary at 26 C.F.R. 601-702(ii), acknowledge the effect of failure to publish by stating, "Thus for example, any such matter which imposes an obligation and which is not so published or incorporated by reference will not adversely change or affect a persons rights."

///// - 39 Memorandum of Law with Incorporated Points and Authorities- N

66.

The Supreme Court stated in **United States v. Welden**, 377 U.S. 95 (1964), that, "Under 1 U.S.C. §204(A)), which provides that the United States Code establishes prima facie the laws of the United States and that when Titles of the Code are enacted into positive law, the text thereof is legal evidence of the law contained therein, the very meaning of 'prima facie' is that the Code cannot prevail over the Statutes at Large when the two are inconsistent. If construction of a section of the United States Code which has not been enacted into positive law is necessary, recourse must be had in the Original Statutes themselves and a changed arrangement made by the codifier without the approval of Congress should be given no weight. **Stephan v. United States**, 319 U.S. 423 (1943; **Best Foods v. United States**, 147 F.Supp. 749, 37 Cust. Ct. 1 (1956); **Peart v. Motor Vessel Bering Explorer**, 373 F.Supp. 927 (1974)).

67.

The law provides that when implementing regulations are at variance with the statutory provisions of which are intended to promulgate that they fail to give proper notice under the due process clause of the federal constitution of the "Fair Notice," Doctrine, set out under **United States v. Nevers**, 7 F.3d 59 (5th Cir. 1993). Administrative regulations, in order to be valid, must also be consistent with, and not contrary to, "The statute under which they are promulgated." **United States v. Larionoff**, 431 U.S. 864, at 973, 97 S.Ct. 2150, at 2156, 53 L.Ed.2d. 48 at 56. "A regulation beyond the scope of, or our  harmony with, underlying legislation is a mere nullity." Id. at 873 n.12, 97 S.Ct. at 2156, n.12,; **Manhatton**

Gen. Equip. Co v. C.I.R., 297 U.S., at 134, <u>Neel v. United States</u>, 266 F.Supp., at 10. "To make this determination, it is necessary for the court to square the regulations against the statute that it purports to implement, comparing the sphere of authority of each.. <u>Western Union Teleg. Co. v. F.C.C.</u>, 541 F.2d 346, 354 (3rd Cir. 1976), cert. den. 429 U.S. 1029 (1977). An Administrative Regulation must be reasonably related to advancing the purpose of the enabling leg- islation." <u>Morning v. Family Publications Services, Inc.</u>, 411 U.S. 356, 369 (1973). In the framework of criminal prosecution, unclar- ity in the statute or a regulation issued thereunder is, enough to resolve doubts in favor of the defendant. <u>United States v. Mersky</u>, supra.

## FATAL DEFECTS IN THE GOVERNMENTS CHARGING INSTRUMENTS

68.

The defense counsel was ineffective by failing to raise or chal- lenge the self-evident and self-declaring defects in the government's charging instruments.

69.

The Petitioner argues that an indictment which fails to allege all of the elements of the alleged offense is defective and must be dismissed, where one of the elements is crucial and is in fact in sine qua to the legitimate application of the subsequent charged offense. The legitimate application and charging Title 21 U.S.C. §§846 of the United States Code, must be connected to an alleg- ed violation of the Federal Interstate Commerce statute, otherwise federal subject matter jurisdiction is missing. See <u>United States v. Pupo</u>, 841 F.2d 1235. The Petitioner argues that an indictment

///// - 41 Memorandum of Law with Incorporated Points and Authorities- N

fails to apprise the accused-party of what he must be prepared to defend against. Accordingly, an allegation of Interstate Commerce is jurisdiction and as such is essential element in appraising the Petitioner of the Grand Jury's authority to indict under **Title 21 U.S.C. §846** See, **United States v. Young**, 730 F.2d at 224 (the particular predicate for jurisdiction is essential element of offense); **United States v. McCray**, 665 F.2d 664, 678, 679 (5th Cir. 1982). The constitutional rights of an accused are violated when modification, at trial or by court of appeals acts to broaden the charge contained in the indictment such modifications contradict the very purpose of the Fifth Amendment Grand Jury requirement. See, **United States v. Stirone**, 361 U.S. 212, 4 L.Ed.2d 252, 80 S.Ct. see at 273 (expressing similar views). The failure of the government to include in the indictment any charge that the Petitioner's conduct affected interstate of intra-state, or any commerce was not cured by the citation of the Statutes. In the sufficiency of an indictment it is the statement of facts in the pleadings rather than the statutory Citation that is controlling. See, **United States v. Wuco**, 535 F.2d 1225 (9th Cir. 1976).cert. den. 429 U.S. 978, 97 S. Ct. 488, 50 L.Ed.2d 586 (1976) It is elementary that every ingredient of the crime **must** be charged in the bill, with a general reference to the provisions of the statute being insufficient. See, **Hale v. United States**, 89 F.2d (4th Cir.) and **United States v. Berlin**, 472 F.2d 1002, 1007 (2nd Cir. 1973); also **United States v. Beard**, 414, F.2d 1014, 1017 (3rd Cir.). This indictment under **Title 21** **U.S.C. §846** fails to allege a nexus between Petitioner's conduct and interstate commerce in dealing with an indictment where no alleged commerce allegation is made. The Petitioner argues this court, should hold that a lack of commerce allegation in the indictment, precludes

///// - 42 Memorandum of Law with Incorporated Points and Authorities- N

it from considering whether a conviction under **21 U.S.C. §846**
can be sustained even if the government alleged and proved that
these offenses had a nexus to commerce. See, <u>United States v. Lopez,</u>
at 2 F.3d 1342, (the holding of the 5th Cir. Court of Appeals).

70.

The federal government's failure to establish proof of other
evidence of jurisdiction or ownership over each and every geograph-
ic location in which the alleged criminal activities took place
divested the court of jurisdiction over the subject matter and <u>man-
dates reversal</u>. Where the lands were never ceded to the United
States, and the locations which lie within the territorial boundaries
of the states and not the Federal Government. Then the Federal
Government lacks jurisdiction over any criminal activities which lie
therein. Thus, the government's view that **Title 21 U.S.C. §846** can
be used and applied to all crimes that occur any place, or in any
geographic location, even though the statute lacks a commerce nexus,
and the government's failure to allege any effect on commerce or
other basis for jurisdiction, and notwithstanding the states sover-
eign jurisdiction over its territory, are contrary to the Consti-
tution of the United States. Such a position would ask this court
to infer that congressional laws may be converted to general police
power and authority, without statutory or constitutional support
which only the States may properly possess.

71.

It is firmly established and accepted fact that federal govern-
ment's power, authority, and jurisdiction does not extend beyond the
boundaries and parameters of the embodiment of the Federal Government
itself, i.e. "territory, lands, property owned by the Federal Gov-

///// - 43 Memorandum of Law with Incorporated Points and Authorities- N

ernment over which jurisdiction has been ceded by the state leg-
islature." However, the Federal Government does not have the power,
nor does the Constitution grant the power to punish persons for var-
ious other crimes over which jurisdiction is retained by the States.
Preventing and prosecuting such various crimes is much the business
of the States than the Federal Government. **Arizona v. Manypenny**,
451 U.S. 232, 101 S.Ct. 1657. It is of the utmost importance and
relevance to note, retain, and embellish within the mind that the
territorial jurisdiction of the United States is limited to the
Federal Enclaves. **United States v. Fessler**, 781 F.2d 384, 386 (1986).
In the instant matter, the facts and offense alleged do not conform
with or meet any jurisdiction requirements described within and in
the foregoing. Thus, without proper jurisdiction of the subject
matter, any prosecution or continuation of this matter is unlawful
at its inception and duration. To bring the offenses within the
jurisdiction of the federal courts, it must have been committed out
of the jurisdiction of any State; it is not the offenses committed,
but rather the place in which the offense is committed. **People v.
Godfrey**, 17 Johns 225 at 233. In the doctrine of "Lex Loci" or the
"Law of the place" determines that standard of conduct and governs
as to matters within the right of action. See, **Gray v. Blight**, 112
F.2d 696. While no one disputes the proposition that " the Consti-
tution created a Federal Government of limited powers," **Gregory v.
Ascroft**, 501 U.S. 452, 458, 115 L.Ed.2d 410, 111 S.Ct. 2395 (1991);
and that while the Tenth Amendment makes explicit "that the powers
not delegated to the United States by the Constitution nor prohib-
ited by it to the States, are reserved to the States respective, or
to the people."

72.

The argument is the division of authority between the State and
Federal Government, and the Federal Government's jurisdiction in
sustaining conviction under the Federal Statutory provisions in which
the Petitioner is charged with §846,.... the governments
broader reading of these statutes would mark a major inroad into the
domain traditionally left to the States.  If a power is delegated
to Congress in the Constitution (such as those enumerated), the
Tenth Amendment expressly disclaims any reservation of that power to
the States.  If a power is an attribute of States sovereignty (such
as this one we are arguing), resevered by the Congress.  See, **United
States v. Oregon**, 366, U.S. 643, 649, 6 L.Ed.2d 575, 81 S.Ct. 1278
(1961), **Case v Bowles**, 327 U.S. 92, 102, 90 L.Ed. 552, 66 S.Ct. 438
(1946); **Oklahoma ex rel Phillips v. Guy F. Atkinson Co.**, 313 U.S.
508, 534, 85 L.Ed. 1487, 61 S.Ct. 1050 (1941).

73.

It is this sense that the Tenth Amendment "States but a truism
that all is retained which has not been surrendered." **United States
v Darby**, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S.Ct. 451, 132 ARL 1430
(1941).  As Justice Story put it, "this amendment is a mere affirm-
ation of what, upon any just reasoning is a necessary rule of in-
terpreting the Constitution.  Being an instrument of limited and
enumerated powers, it follows irresistable, that what is not conferred
is withheld and belongs to the States' authorities. 3.j. **Story
Commentaries on the Constitution of the United States 752 (1833).**
The argument this Petitioner brings to this court is the Federal
Government did not have jurisdiction over the geographical location
wherein the alleged activity took place, in land, which were never

///// - 45  Memo of Law with Incorporated

ceded to the United States, the interstate commerce element becomes
essential to establish jurisdcition and prove every element of the
offense. Applying the rational of the Supreme Court in **United States
v Mechanik**, 475 U.S. 66, 70, 106 S.Ct. 938, 941, 89 L.Ed.2d 50
(1989), and **United States v Hooker**, 841 F.2d 1225, like the decision
in **Hooker** Petitioner maintains that the harmelss error analysis of
**Mechanik**, cannot be applied here because the court had no jurisdic-
tion to try the Petitioner on a count which failed to expressly allege
an effect on inter or intra-state commerce. Jurisdiction is lacking
if the indictment did not allege a federal crime, by means of a
connection with Interstate Commerce. This action by the prosecutor,
would certainly deprive the Petitioner the basic protection, which
the guaranty of the intervention of a Grand Jury was designed to
secure. For the defendant/petitioner could then be convicted on the
basis of charges not found by and perhaps not even presented to the
Grand Jury, which indicted him. See, **Orfield**, **Criminal Procedure
from arrest to appeal, 243.** Petitioner now asserts his Fifth and
Sixth Amendment Right of Due Process, in arguing that he was never
indicted by his Grand Jury **for effecting any commerce!** Thus, fail-
ure to present this element or state it in the pleading of the in-
dictment, preclude the Appellate Court from sustaining his conviction.
For all these above reasons, Petitioner asks this Court to look
carefully to the Constitution and the cited statutes. Petitioner
asks this Court to invoke the doctrine of **Stare Decisis:** when a
court has once laid down a principal of law applicable to a certain
state of facts it will adhere to that principal, and apply it to all
future cases, where facts are substantially the same regardless of

whether the parties are the same. The doctrine of Stare Decisis, provides the means by which courts assure that the law will not merely change erractically but will develop in principal and intelligible fashion; the doctrine permits society to presume that bedrock principal are found in law rather than in the proclivities of individuals, and there by contributes to the integrity of our Constitution system of government both in appearance and in fact. Petitioner now invokes the doctrine of **stare Decisis** to his arguments herein; "Any departure from the doctrine of Stare Decisis demands special justification." **Arizona v. Rumsey**, 467 US 203, 212, 81 L. 467 U.S. 203, 212, 81 L.Ed.2d 164, 104 S.Ct. 2305 (1984); also **Olson v. Kennedy**, 456 U.S. 667, 691 n.34, 72 L.Ed.2d 416, 102 SCt. 2083 (1982). Stevens J. concurring in judgment. **Title 21 U.S.C. §846,** id Congress wanted this statute to be used, outside of it's territorial jurisdiction, such as anywhere or any place then it would have drafted the needed provision, which certainly would have included the Interstate Commerce nexus that is required. " federal criminal statute intended to be enforced within the States exceeds Congress' Commerce Clause authority." To uphold the government's contention that it can bring criminal charges for crimes committed within a State is to convert Congressional authority into police power, which is only within the authority of the States. See, **United States v. Lopez**, No. 93-1260, (decided April 26, 1995). In **McCullough v. Maryland**, 4 Wheat 316 (1819), the Federal Government had to acknowledge that it can only exercise power granted to it. The enumerated presupposes something not enumerated. See, **Gibbons v Ogden**, supra at 195. The Constitution mandates that Congress cannot create or give itself plenary police powers over the State territories. Congress must operate within the frame work of what

the Supreme Court defines the law to be.  See, <u>Marbury v Madison</u>,
1 Cranch 137.

74.

That, defense counsel failed at the sentencing of the Petitioner
to raise or challenge that §3551 of Title 18 applies only to those
who according to the language of the statute, supra had been found
guilty of any offense described in the Federal Statute...other then
an Act of Congress applicable exclusively in the District of Columbia.
Acts of Congress (Federal Law) are defined and circumscribed under
Rule 54(c) Federal Rules of Criminal Procedure.  Implementing reg-
ulations for **18 U.S.C.** §3551 are at variance with their application
in the instant cause.  Where the instant matter is concerned, the
accused committed no violation of any properly enacted and duly
promulgated federal law within the legislative jurisdiction of the
Federal United States, nor within the parameters defined under the
implementing regulation for the Federal Sentencing provisions, thus,
the sentencing provisions set out under **18 U.S.C.** §3551 do not apply
to the accused.  By consulting the **Parallel Tables of Authorities and
Rules 1997 Ed. at pg. 733**, it is found that the implementing regulation
for 18 U.S.C. §3551 are set out under 43 C.F.R. 9260-public lands,
Alaska, 36 C.F.R. 242-subsistence management regulations for public
lands Alaska, and 50 C.F.R. 100, (same as 36 C.F.R. 242).  Where
the instant matter is concerned the accused committed no violation
of any properly enacted and/or duly promulgated federal law within
the legislative jurisdiction of the Federal United States, nor
within the parameters defined under the implementing regulations
provisions, thus, the sentencing provisions set under 18 U.S.C.
§3551 do not apply to the accused.

75.

The court will find that the statutory provisions under which the U.S. District Court imposed the sentence against the accused (18 U.S.C. §3551) apply not to the Acts of Congress, which are applicable only in the District of Columbia.  See, Rule 54(c).

76.

It may further be shown that the statutory provision,  18 U.S. C. §3551, is at variance with its published implementing, thereby creating ambiguity as to  its lawful authority and applicability over the accused.

77.

An invalid, unconstitutional or non-existent statute affects the validity of the "charging document," that is, the complaint, indictment or information.  If these documents are void or fatally defective, there is no subject matter jurisdiction since they are the basis of the court's jurisdiction; when an accused-party is indicted under a not yet effective or unenacted statute, the charging document is void.

78.

The indictment or complaint can be invalid if it is not constructed in the particular mode or form prescribed by the Constitution or Statute (42 C.J.S., 'Indictments and Information,' §1, p.833). But it also can be defective and void when it charges a violation of a law, and that law is void, unconstitutional, unenacted, or mis-applied.  If the charging document is void, the subject matter of a court does not exist.  The want of a suffficient affidavit, complaint, or information goes to the jurisdiction of the court,

... and renders all proceedings prior to the filing of a proper instrument void ab initio. 22 Corpus Juris Secundum, "Criminal Law," §324, p.390.

### 79.

One way in which a complaint, or indictment fails to charge a crime, is by its failure to have the charge based upon a valid or duly enacted law. Complaints or indictments which cite invalid laws, or incomplete law, or non-existent law are regarded as being invalid on their case, thus fatally defective.

### 80.

The crux then of this whole issue of jurisdiction revolves around law, that is, the law claimed to be violated. If one is subject to a law, they are then under the jurisdiction of some authority. If a crime is a alleged but there is no law to form the basis of that crime, there is no jurisdiction to try and sentence one even though they are subject to the legislative body and the court. There has to be a law, a valid law, for subject matter jurisdiction to exist. Laws which lack an enacting clause are not laws of the legislative body to which we are constitutionally subject. Thus, if a complaint or information charges one with a violation of a law which has no enacting clause, then no valid law cited. If it cites no valid law then the complaint charges no crime, and the court has no subject matter jurisdiction to try the accused-party.

> [N]o authority need to be cited for the proposition that, when a court lacks jurisdiction, any judgment rendered by it is void and unenforceable ... and without any force or effect whatever. **Hooker v. Boles**, 346 F.2d 285, 286 (1965).

///// - 50    Memo. of Law with Incorporated Points and Auth.....

81.

A judge or court may be in a legal sense immune from any claims that it is guilty of wrong because of its improper exercise of jurisdiction. However, it has no such protection where it lacks jurisdiction and the issue has been raised and asserted. When the lack of jurisdiction has been shown, a judgment rendered is not only bold, but is also usurpation. Jurisdiction is a fundamental prerequisite, and an usurpation thereof is a nullity. **22 Corpus Juris Secundum, "Criminal Law," §150 p. 183** The excessive exercise of authority has reference to want of power over the subject matter, the result is void when challenged directly or collaterally. If it has reference merely to the judicial method of the exercise of power, the result is binding upon the parties to the litigation till reversed. The former is usurpation; the latter error in judgment. **Voorhees v The Bank of the United States**, 35 U.S. 449, 474-75 (1836), the line which separates error in judgment from the usurpation of power is very definite.

82.

This Honorable Court must be compelled to find as a Matter of Law, that the Petitioner is in custody and detained of his Liberty in violation of the Constitution of the United States of America, where the foregoing and the Court's own record support that the Federal Government lacked Federal Legislative jurisdiction over the locus in quo, whereon the purported prohibitive acts were committed; and,

83.

That the government lacked Federal Subject Matter jurisdiction where no prohibitive acts or conduct of the Petitioner moved be-

yond the borders of the sovereign state, nor was the Petitioner indicted via the government's charging instrument, for an alleged violation of the Federal Interstate Commerce Statute, thus, the Federal Government lacked Federal Subject Matter jurisdiction, a sine qua non to federal prosecution of the offense alleged against the Petitioner

## CONCLUSION

### 84.

Where the instant cause is concerned, the Federal Statutory Provisions under which the Petitioner is imprisoned and detained of HIS LIBERTY, have not been promulgated by Congress in the Federal Register (44 U.S.C. §1505), nor do such statutory provisions possess published implementing regulations in the Code of Federal Regulations, nor is there to be found an Amendment to the Constitution, ratified by the several sovereign states, to provide for nationwide application of these Federal Statutory Provisions.

### 85.

The Consitution of the United States of America, provides that it is only the Congress of the United States who has the authority to create and enact Federal Laws.

### 86.

The Statutory Provision under which the Petitioner is charged do not have implementing regulations in the Code of Federal Regulations; the section falls under 62 **Statutes at Large,** which have not been promulgated in the Federal Register by Congress, and fails to possess any published implementing regulation in the Code of Federal Regulations.

87.

There is no amendment to the Constitution ratified by three-fourths of the sovereign states to provide for nationwide jurisdiction and application of which the accused party is charged.

88.

The undersigned committed no violation of the Federal Interstate Commerce Statute, nor do the Federal Statutory Provisions under which he is indicted contain language which could interpose a commerce nexus. Thus there is no showing of Federal Subject Matter jurisdiction.

89.

The locus in quo where the alleged prohibitive acts of the undersigned took place is a geographical location not within the Legislative, Territorial or Admiralty jurisdiction of the Federal Government.

**WHEREFORE,** the court should be compelled to find as a Matter of Law that the petitioner committed no alleged prohibitive acts within the Legislative, Territorial or Admiralty jurisdiction of the Federal United States, or within the reach of Interstate Commerce Clause Statute, therefore the petitioner is unlawfully incarcerated and detained in violation of his secured Constitutional Rights by way of the Judgment of the court in want of jurisdiction. And the denial of the effective assistance of counsel, the petitioner must therefore, by law, be released and discharged from federal custody, forthwith.

Dated: _11 / 16_____ ,2006

Respectfully Submitted,

_Lazaro F Perez_

Lazaro F. Perez, Sr./pro se

///// - 53 Memo. of Law with Incorporated Points and Auth. - N

TABLE OF CITATIONS

FROM THE MEMORANDUM OF LAW

3.

ADAMS v UNITED STATES, DK. No. 97-2263 (2nd Cir. 1998)

UNITED STATES v MORGAN, 346 U.S. 502, 505 (1954)

4.

28 U.S.C. §88 District of Columbia-Courts, Act of June 7, 1934, 48 Stat 926, and the Act June 25, 1936, 49 Stat. 1921

O'DONOGHUE v UNITED STATES, 289 U.S. 516 (1933), 77 L.Ed 1356, 53 S.Ct.74

MOOKINI v U.S., 303 U.S.201 at 205(1938), 82 L.Ed 748, 58 S.Ct. 543

FEDERAL TRADE COMMISSION v KLESNER, 274 U.S. 145 (1927)

CLAIBORNE-ANNAPOLIS FERRY CO. v UNITED STATES, 285 U.S. 382 (1932)

6.

HARTFORD v DAVIES, 16 S.Ct. 1051 (1896)

UNITED STATES v BEAVANS, 16 U.S. (3 Wheat) 336 (1818)

UNITED STATES v BENSON, 495 F.2d 481 (1946)

UNITED STATES v ROGERS, 23 F.658 (DC Ark. 1885)

FORT LEAVENWORTH RAILROAD v IOWA, 114 U.S. 525 (1885)

ADAMS v UNITED STATES, 319 U.S. 312, 63 S.Ct. 1122, 87 L.Ed. 1421 (1943)

7.

UNITED STATES v JOHNSON, 337 F.2d 180 (affmd) 86 S.Ct. 749, 383 U.S. 169, 15 L.Ed. 681

9.

UNITED STATES v BEAVENS, 16 U.S. Wheat 336 (1818)

3 Wheat At 350,351

3 Wheat At 386,387

3 Wheat At 388

11.

People v Godfrey,  7 Johns 225 N.Y. (1819)

17 Johns, at 233 (emphasis added)

12.

United States v Beavens, supra

United states v Cornell, 2 Manson 60, 1 cir. (1819)

2 Manson, at 63

13.

New Orleans v United States, 35 U.S. (10 pet)662 (1836)

10 Pet. at 737

14.

New York v Miln, 36 U.S.(11Pet.) 102 (1837)

36 U.S. at 133

36 U.S. at 139

15.

Pollar v Hagan, 44 U.S. (3 How.) 212 (1845)

44 U.S. at 221

44 U.S. at 228, 229

16.

Fort Leavenworth R. Co. v Iowa, 114 U.S. 525, (1885) 995

114 U.S. at 531

20.

<u>United States v Fox</u>, 95 U.S. 670, 672 (1977)

<u>Manchester v Massachusetts</u>, 139 U.S. 240, 262 (1890)

<u>United States v Flores</u>, 289 U.S. 137, 151 (1932)

<u>U.S. v Bedford</u>, 27 Fed. Cas. p.91, 103, Case No. 15,867 (1847)

22.

<u>United States v Britton</u>, 108 U.S. 199, 206 (1882)

<u>United States v Eaton</u>, 144 U.S. 677, 687 (1891)

<u>United States v Gradwell</u>, 243 U.S. 476, 485 (1916)

<u>Donnelley v United States</u>, 276 U.S. 505-511 (1927)

<u>Jerome v United States</u>, 318 U.S. 101, 104 (1942)

<u>Norton v United States</u>, 92 Fed. 2d 753 (1937)

<u>United States v Grossman</u>, 1 Fed. 2d 941, 950-51 (1924)

23.

<u>State of Pennsylvania v The Wheeling E. Bridge Co. 13</u>, How. (54 U.S.) 518, 563 (1851)

24.

<u>The United States v Worrall</u>, 2 Dall. (2. U.S.) 384, 391 (1798)

25.

<u>T.M. Cooley, A Treatise on the Constitutional Limitation</u>, 5th Ed., pp. 54, 55

<u>Cohens v Virginia</u>, 6 Wheat. (19 U.S.) 264, 404 (1821)

<u>20 Am Jur 2d §60, 377</u>

<u>Davis v Rogers</u>, 1 Houst (del) 44

28.

<u>Hagan v Lavine</u>, 415 U.S. 528 (1974)

<u>Ex Parte McCardle</u>, 7, Wall 506 19 L.Ed. 264

e.q. <u>Marbury v Madison</u>, 1 Cranch 137, 173-180, 2 L.Ed. 60 (1803)

<u>Mitchell v Maurer</u>, 293 U.S. 237, 244, 79 L.Ed. 338, 55 S.Ct. 162 (1934)

3-Table of Cit. from the Memo. of Law w/ Incorp. Points and Auth-N

Judice v Vail, 430 U.S. 327, 331, 332, 51 L.Ed. 2d 376, 97 S.Ct. 1211 (1977) (standing)

Bender v Williams Port Areas School District, 475 U.S. 534, 89 L.Ed. 2d 501, 106 S.Ct. 1326

United States v Corrick, 298 U.S. 435, 440, 80 L.Ed. 1263, 56 D. Vy. 329 (1936)

e.q., Sumner v Matta, 449 U.S. 539, 547-548 n.2, 66 L.Ed. 722, 101 S.Ct. 764 (1981)

City of Kenosha v Bruno, 412 U.S. 507, 511 37 L.Ed. 2d, 109, 93 S.Ct. 2222 (1973)

Clark v Paul Gray, Inc., 306 U.S. 583, 588, 83 L.Ed. 1001 59 S.Ct. 744 (1939)

St. Paul Mercury Indemnity Co. v Red Cab Co., 303 U.S. 283, 287-288 n.10 82 L.Ed. 845 58 S.Ct. 586 (1939)

Marbury v Madison, 5 U.S. 137, 176-178, 1 Cranch 137 (1803)

Bell v Maryland, 378 U.S. 266, 224 (1964)

Stanard v Olesen, 74 S.Ct. 768 (1954)

McNutt v G.M., 56 S.Ct. 789, 80 L.Ed. 1135

Thomas v Gaskiel, 62 S.Ct. 673, 83 L.Ed. 111

Housenbaum v Bauer, 120 U.S. 450 (1887)

31.

46 American Jurisprudence 2d Judgments §26

American Jurisprudence 2d Courts §115

32.

State of Rhode Island et, al v Commonwealth of Mass., 37 U.S. 657 (1938)

Adams v United States, 87 L.Ed. 1421

American Jurisprudence 2d Courts §60 page

4-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth-N

Old Wayne Mut. Life Asso. v McDonough, 204 U.S. 8, 51 L.Ed. 345, 27 S.Ct. 236

35.

Stirone v United States, 361 U.S. 212,80 S.Ct. 270, 4 L.Ed. 2d. 252 (1960) at 857

36.

Brecht v Abrahamson, 507 U.S. 123 L.Ed. 2d 353, 113 S.Ct. 1710 (1993)

Engle v Isaac, 456 U.S. 107, 128, 71 L.Ed. 2d 783,102 S.Ct. 1031, 162 ALR 1330 (1945)

United States v Unmans, 410 U.S. 396 411-412, 35 L.Ed. 2d 379, 93 S.Ct. 1007 (1973)

United States v Bass, 404 U.S. 336, 349 30 L.Ed. 2d 488, 92 S.Ct. 515 (1971)

37.

United States v Knowles, 29 F.3d 947, 952 (5th Cir. 1994)

38.

Meyer v United States, 175 F.2d 45, 47 (2nd Cir. 1949)

Lewellyn v Nunez, 573 F.2d. 769 (2d Cir. 1978)

C.I.R. v Ridgeway's Estates, 291 F.2d 257 (3rd Cir. 1961)

United States v Cruikshank, 92 U.S. 542, 558 23 L.Ed. 588, 593

United States v Simmons, 96 U.S. 360, 362, 24 L.Ed. 819,820

United States v Carll, 105 U.S. 611, 612, 26 L.Ed. 1135

U.S. v Hess, 124 U.S. 483, 487, 31 L.Ed. 516, 518, 8 S.Ct. 543

Blitz v U.S., 153 U.S. 308, 315, 38 L.Ed. 725, 14 S.Ct. 924

Keck v U.S., 172 U.S. 434, 437 43 LEd. 505, 507, 19 S.Ct. 254

Morissette v U.S., 246, 270 note 30, 96 L.Ed. 288, 304 S.Ct. 240,cf.

U.S. v Petrillio, 332 U.S. 1, 10, 11, 91 L.Ed. 1877, 1884, 1885, 67 S.Ct. 1538

Hamling v United States, 418 U.S. 87, 117, 94 S.Ct. 1887, 2907-08, 41 L.Ed. 2d 590 (1974)

5-Table of Cit. from the Memo. of Law w/Incorp. Point

<u>U.S. v Pupo</u>, 941 F.2d 1235 (4th Cir. 1993)

<u>U.S. v Hooker</u>, Supra. At 841 F.2d 1225 (4th Cir. 1983)

<u>Orfield Criminal Procedure from Arrest to Appeal 243</u>

<u>Ex Parte Bain</u>, 121 U.S. 1, 30 L.Ed. 849, 7 S.Ct. 781

<u>United States v Norris</u>, 821 U.S. 619, 74 L.Ed. 1076, 50 S.Ct. 424

<u>Stirone v United States</u>, 361 U.S. 212, 4 L.Ed. 2d. 252, 80 S.Ct. 270

<u>Ex Parte Bain</u>, surpra (121 U.S. at 10,13 )

<u>Stirone v United States</u>, supra (361 U.S. at 218)

42.

<u>United States v Fox</u>, 95 U.S. 670, 672 (1877)

<u>Manchester v Massachusetts</u>, 139 U.S. 240, 262 (1890)

<u>United States v Flores</u>, 289 U.S. 137, 151 (1932)

<u>U.S. v Bedford</u>, 27 Fed. Cas., p. 91, 103, Case No. 15,867 (1847)

44.

<u>United States v Britton</u>, 108 U.S. 199, 206 (1882)

<u>United States v Eaton</u>, 144 U.S. 677, 687 (1897)

<u>United states v Gradwell</u>, 243 U.S. 476, 485 (1916)

<u>Donnelley v United States</u>, 276 U.S. 505, 511 (1927)

<u>Jerome v United States</u>, 318 U.S. 101, 104 (1942)

<u>Norton v United States</u>, 92 Fed. 2d 753 (1937)

<u>United States v Grossman</u>, 1.Fed. 2d 941, 950-51 (1924)

45.

<u>State of Pennsylvania v The Wheeling E. Bridge Co.</u>, 13 How. (54 U.S.) 518, 563 (1851)

<u>The United States v Wortall</u>, 2 Dall. (2. U.S.) 384, 391 (1798)

47.

<u>T.M. Cooley, A Treatise on the Constitutional Limitations</u>, 5th Ed., pp. 54, 55

6-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.-N

Cohens v Virginia, 6 Wheat. (19 U.S.) 264, 404 (1821)

49.

Five Flages Pig Line Co. v Dept. of Transportation, 854, F.2d 1438, 1440 (1988)

Stephan v United States, 319 U.S. 415, 426 (1943)

44 Stat Part 1, preface

Murrell v Western Union Tel. Co., 160 F.2d 787, 788 (1947)

United States v Mercur Corp., 83 F.2d 178, 180 (1936)

53.

Roger's Inc. v United States, 265 F.2d 615, 618 (1959)

55.

Slaughter-House Cases, 83 U.S. 36

United States v Dewitt, 76 U.S. 41

Gibbons v Ogden, 22 U.S. 1

Keller v United States, 213 U.S. 138

People v Godfrey, 17 Johns 225, at 233 (N.Y. 1818)

United States v Beavans, 16 (3 Wheat) 336 (1818)

Adams v United States, 319 U.S. 312 (1943)

Caha v United States, 152 U.S. 211, 215 (1894)

58.

Foley Brothers v Filardo, 336 U.S. 281 (1949)

62.

Hotch v United States, 212 F.2d 280 (9th Cir. 1954), at p.283

63.

Wei v Robinson, 246 F.2d 739 (7th Cir. 1957) cert. den. 78 S.Ct. 144, 355 U.S. 879

Wolfson v United States, 492 F.2d 1386, 204 Ct. Cl. 83 (1974)

Shafer v United States, 229 F.2d 124, cert. den. 76 S.Ct. 73, 351 U.S. 931

Northern States Power Co. v Rural Electrification Administration, 248 F. Supp. 616 (1965)

64.

United States v Mersky, 361 U.S. 431, 438 (1960)

65.

United States v Reinis, 794 F.2d 506 (9th Cir. 1986)

United States v Two Hundred Thousand Dollar, 590 F. Supp. 846 (S.D. Fla. 1984)

66.

United States v Welden, 377 U.S. 95 (1964)

Stephan v United States, 319 U.S. 423 (1943)

Best Foods v United States, 147 F. Supp. 749, 37 Cust. Ct. 1 (1956)

Peart v Motor Vessel Bering Explorer, 373 F. Supp. 927 (1974)

67.

United States v Nevers, 7 F.3d 59 (5th Cir. 1993)

United States v Larionoff, 431 U.S. 864, at 973, 97 S. Ct. 2150, at 2156, 53 L.Ed. 2d, 48 at 56

Manhattan Gen. Equip. Co. v C.I.R., 297 U.S. at 134

Neel v United States, 266 F. Supp. at 10

Western Union Teleg. Co. v F.C.C., 541 F.2d 346, 354 (3rd Cir. 1976), cert. den. 429 U.S. 1029 (1977)

Morning v Family Publications Services, Inc., 411 U.S. 356, 369 (1973)

United States v Mersky, supra.

69.

United States v Pupo, 841 F.2d 1235

8-Table of Cit. from the Memo. of Law w/Incorp. Points and Auth.- N

<u>United States v Young</u>, 730 F.2d at 224

<u>United States v McCray</u>, 665 F.2d 664, 673, 679 (5th Cir. 1982)

<u>United States v Stirone</u>, 361 U.S. 212, 4 L.Ed. 2d 252, 80 S. Ct.

<u>United States v Wuco</u>, 535 F.2d 1225 (9th Cir. 1976). Cert. denied 429 U.S. 978, 97 S. Ct. 488, L.Ed. 2d 586 (1976)

<u>Hale v United States</u>, 89 F.2d (4th Cir.)

<u>United States v Berlin</u>, 472 F.2d 1002, 1007 (2d Cir. 1973)

<u>United States v Beard</u>, 414 F.2d 1014, 1017 (3rd Cir.)

<u>United States v Lopez</u>, at 2F.3d 1342

71.

<u>Arizona v Manypenny</u>, 451 U.S. 232, 101 S. Ct. 1657

<u>United States v Fessler</u>, 781 F.2d 384, 386 (1986)

<u>People v Godfrey</u>, 17 Johns 225 at 233

<u>Gray v Blight</u>, 112 F.2d 696

<u>Gregory v Ascroft</u>, 501 U.S. 452, 458, 115 L.Ed. 2d 410, 111 S. Ct. 2395 (1991)

72.

<u>United States v Oregon</u>, 366, U.S. 643, 649, 6 L.Ed. 2d 575, 81 S. Ct. 1278 (1961)

<u>Case v Bowles</u>, 327 U.S. 92, 102 90 L.Ed. 552, 66 S. Ct. 438 (1946)

<u>Oklahoma ex rel Phillips v Guy F. Atkinson Co.</u>, 313 U.S. 508, 534, 85 L.Ed. 1487, 61 S. Ct. 1050 (1941)

73.

<u>United States v Darby</u>, 312 U.S. 100, 124, 85 L.Ed. 609, 61 S. Ct. 451, 132 ARL 1430 (1941)

<u>United States v Mechanik</u>, 475 U.S. 66, 70, 106 S. Ct. 938, 941, 89 L.Ed. 2d 50 (1989)

<u>United States v Hooker</u>, 841 F.2d 1225

<u>Arizona v Rumsey</u>, 467 U.S. 203, 212, 81 L.Ed. 2d 164, 104 S. Ct. 2305 (1934)

<u>Oregon v Kennedy</u>, 456 U.S. 667, 691, 692 n. 34, 72 L.Ed. 2d 416, 102 S. Ct. 2083 (1982)

<u>United States v Lopez</u>, No. 93-1260

<u>McCullough v Maryland</u>, Wheat 316 (1319)

<u>Gibbons v Ogden</u>, Supra at 195

<u>Marbury v Madison</u>, 1 Cranch 137, 177 (1803)

74.

<u>18 U.S.C. §3551</u>

Parallel Tables of Authorities and Rules 1997 Ed. at pg. 733

43 C.F.R. 9260-public lands, Alaska

36 C.F.R. 242-subsistence management regulations for public lands in Alaska

50 C.F.R. 100, (same as C.F.R. 242)

78.

42 C.J.S. 'Indictments and Information' §1, p.833

22 Corpus Juris Secundum, "Criminal Law", §324, p.390

80.

<u>Hooker v Boles</u>, 346 F.2d 285, 286 (1965)

81.

22 Corpus Juris Secundum, "Criminal Law", §150 p.183

<u>Voorhees v The Bank of the United States</u>, 35 U.S. 449, 474-75 (1836)

84.

Federal Register (44 U.S.C. §1505)

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**

LAZARO F. PEREZ, SR.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (FL)

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**DEFENDANTS**

ALBERTO GONZALES, ETAL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

CASE NUMBER 1:07CV00159

JUDGE: Rosemary M. Collyer

DECK TYPE: Habeas Corpus/2255

DATE STAMP: 01/22/2007

---

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

**No Summons Issued**

| **G.** *Habeas Corpus/* **2255** | **H.** *Employment Discrimination* | **I.** *FOIA/PRIVACY ACT* | **J.** *Student Loan* |
|---|---|---|---|
| ☐ **530 Habeas Corpus-General**<br>☐ **510 Motion/Vacate Sentence** | ☐ **442 Civil Rights-Employment**<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ **895 Freedom of Information Act**<br>☐ **890 Other Statutory Actions**<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ **152 Recovery of Defaulted Student Loans (excluding veterans)** |

| **K.** *Labor/ERISA (non-employment)* | **L.** *Other Civil Rights (non-employment)* | **M.** *Contract* | **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ **710 Fair Labor Standards Act**<br>☐ **720 Labor/Mgmt. Relations**<br>☐ **730 Labor/Mgmt. Reporting & Disclosure Act**<br>☐ **740 Labor Railway Act**<br>☐ **790 Other Labor Litigation**<br>☐ **791 Empl. Ret. Inc. Security Act** | ☐ **441 Voting (if not Voting Rights Act)**<br>☐ **443 Housing/Accommodations**<br>☐ **444 Welfare**<br>☐ **440 Other Civil Rights**<br>☐ **445 American w/Disabilities-Employment**<br>☐ **446 Americans w/Disabilities-Other** | ☐ **110 Insurance**<br>☐ **120 Marine**<br>☐ **130 Miller Act**<br>☐ **140 Negotiable Instrument**<br>☐ **150 Recovery of Overpayment & Enforcement of Judgment**<br>☐ **153 Recovery of Overpayment of Veteran's Benefits**<br>☐ **160 Stockholder's Suits**<br>☐ **190 Other Contracts**<br>☐ **195 Contract Product Liability**<br>☐ **196 Franchise** | ☐ **441 Civil Rights-Voting (if Voting Rights Act)** |

**V. ORIGIN**

◉ **1 Original Proceeding**    ☐ **2 Removed from State Court**    ☐ **3 Remanded from Appellate Court**    ☐ **4 Reinstated or Reopened**    ☐ **5 Transferred from another district (specify)**    ☐ **Multi district Litigation**    ☐ **7 Appeal to District Judge from Mag. Judge**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241 — HC —

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS   ☐   ACTION UNDER F.R.C.P. 23    **DEMAND $**    Check YES only if demanded in complaint

**JURY DEMAND:** ☐ YES   ◉ NO

**VIII. RELATED CASE(S) IF ANY**   Nf   (See instruction)    ☐ YES   ☐ NO    If yes, please complete related case form.

**DATE** 1.22.07    SIGNATURE OF ATTORNEY OF RECORD    *NCD*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.